GARLAND *against* CHATTLE AND CLOUGH.

After plea pleaded, it is too late to take advantage of a variance between the declaration and the writ.

A writ was issued against A., within six years from the time the cause of action accrued. The plaintiff's attorney, finding that the demand was on a partnership account against A. and B., filed his declaration against A. and B., as of the day of the term on which the writ was returnable, which was after six years had elapsed, and A. pleaded to this declaration non assumpsit, and the statute of limitations. This was held to be a commencement of a suit against A. and B. within six years.

*BETTS*, for the defendant, moved to set aside the verdict in this cause, on the grounds of irregularity and surprise. From the affidavits which were read, it appeared that a writ was issued against *Chattle* alone, at the suit of the plaintiff, on the 9th of *January*, 1815, returnable on *Saturday*, the last day of *January* term. The plaintiff's attorney being afterwards informed, that the demand was against *Chattle* and *Clough*, for money paid to the defendants on the 12th of *January*, 1809, as partners in trade, and that *Clough* had absconded and gone to *Canada ;* in order to save the statute of limitations, he declared against both defendants, as if *Clough* had been named in the writ, and served a copy of the declaration entitled of *Saturday*, the 14th day of *January*, in the term of *January*, on the defendant, *Chattle,* who pleaded thereto *non assumpsit,* and the statute of limitations, and the plaintiff replied to the second plea, generally, and issue was joined thereon.

At the trial, at the last *Orange* circuit, the plaintiff proved money paid by him, for the use of the defendants, on the 12th of *January*, 1809. The chief justice, before whom the cause was tried, being of opinion that the plaintiff's demand was barred by

the statute of limitations, called on him for further proof: the plaintiff's counsel then produced the *nisi prius* record, from which it appeared, that the declaration was entitled generally of *January* term, 1815. The chief justice then said, as he could not look beyond the *nisi prius* record, the commencement of the suit must be considered, by relation, as of the first day of the term, which was the second day of *January*, and so being within six years, the jury, under the direction of the judge, found a verdict for the plaintiff, for 2,154 dollars. The defendant, *Chattle*, not being apprized of the variance between the *nisi prius* record, and the copy of the declaration, relied wholly on the plea of the statute of limitations, and had not so pleaded as to enable him to avail himself of a set-off, and other defence, and was thus completely surprised.

*P. Ruggles* and *D. Ruggles*, contra, read affidavits, to show that the plaintiff was entitled to recover his demand, independent of any plea or matter of defence set up by the defendants.

*Per Curiam.* The variance between the declaration and the writ, should have been taken advantage of in the proper time; but after plea pleaded by the defendant, *Chattle*, it is too late for him to make the objection. The writ was issued within the six years, and the declaration is to be considered as a continuance of the same suit, so that the statute was no bar. The motion must be denied.

Motion denied.