BEEKMAN and ELMENDORF *against* SATTERLEE.

ASSUMPSIT against the defendant as endorser of a prom-. issory note to the plaintiffs; tried at the Albany circuit, October 11th, 1823, before DUER, C. Judge.

The note was for $500, dated August 29th, 1815, and payable 6 months after date. The declaration also contained the money counts.

The plea was *non accrevit infra sex annos.* Replication, that within six years after the plaintiffs' causes of action accrued, viz. on the 18th of August, 1821, at, &c. the plaintiffs sued and prosecuted out of this court a certain writ called a *capias ad respondendum,* directed to the sheriff of the city and county of Albany, by which he was commanded to take the defendant, if, &c. and him, &c. So that, &c. at the academy in the town of Utica, on the 3d Monday of October, then next, to answer unto the plaintiffs, executors of the last will and testament of Jeremiah Van Rensselaer, deceased, in a plea of trespass; and also to a bill of the plaintiffs against the defendant of 1000 dollars, upon promises, according, &c. which writ, afterwards, and before the day of the return thereof, to wit, on the 10th day of October, 1821, at, &c. was delivered to the then sheriff of the city and county of Albany, in due form of law to be executed; at which day, that is to say, on the 3d Monday of October, 1821, being the day of the return, before, &c. to wit, at the academy, &c. came the plaintiffs, by B. F. B. their attorney, and offered themselves against the defendant; and the sheriff of the city and county of Albany, to wit, C. V. A. Esq. at that day returned upon the writ, to the court, that the defendant was not found in his bailiwick; nor did the defendant come, or appear in the court, before, &c. according to the exigency of the writ; whereupon, the plaintiffs prayed another writ out of the same court, to be directed to the sheriff of the city and county of Albany, in form aforesaid; and it was granted to them,

A *capais ad respondendum* to save the statute of limitations is mere matter of form; and may be delivered to the sheriff with instructions to return it *non est.*
If it be, by mistake, issued in favor of the plaintiff, as executor, and the *pluries* be in the plaintiff's individual character, *semble,* this is no objection.
But if otherwise, the first *capias* may be amended, even after verdict.
The course at the circuit is for the jury to find the facts in issue; but where a party puts matter in issue which is not material, though the jury find against him, contrary to evidence, this is no ground for a new trial

returnable before the justices aforesaid, at the same court, at the capitol in the city of Albany, on the 1st Monday of January, then next, for the defendant to answer unto the plaintiffs, in the plea aforesaid, the same day was given to the defendant, there, &c.; at which day, that is to say, on the first Monday of January, being the day of the return, &c. before, &c. at, &c. and offered, &c. and the sheriff of, &c. did not send the last mentioned writ; nor did he do any thing therein, nor did the defendant come or appear in the court, &c. before, &c. according, &c. Wherefore the plaintiffs prayed, &c. (And so pleading the *capias* continued through May term, August term, October term, 1822, to the first Monday of January term, 1823.) Whereupon the plaintiffs prayed another writ out of the same court to be directed to the sheriff of the city, &c. of Albany, in form aforesaid; and it was granted to them, returnable, &c. on Saturday, the 18th day of January, then, instant, for the defendant to answer, &c. the same day, &c. at which day, that is to say, on the 18th day of January, &c. being the return day, &c. at, &c.; and the defendant by H. B. his attorney, also came, according to the exigency of the last mentioned writ; and the plaintiffs offered themselves on the same day against the defendant in the plea aforesaid, as by the record and proceedings thereof, remaining in the same court, &c. before, &c. more fully, and at large appears. That these writs were so prosecuted, with intent to implead the defendant upon and for the causes of action in the declaration mentioned; and to cause him to appear in the said court here, and upon his appearance to declare against him, for the several causes of action, &c. that according to that intent, they afterwards, to wit, in the term of January, to wit, on Saturday, the 18th day of January, 1823, exhibited their bill, and declared therein against the defendant as aforesaid, to wit, at, &c.; that the plaintiffs' causes of action in their declaration, &c. did accrue to the plaintiffs within six years next before the issuing of the first mentioned writ, &c. in manner and form, &c. and that the several causes of action in their declaration mentioned, and those for which the writs issued, were and are one and the same, and not other or divers; and that the parties are the same.

Rejoinder, that the writ first mentioned was not delivered to the sheriff to be executed in manner and form as the plaintiff alleged ; and was not sued and prosecuted by the plaintiffs against the defendant, with intent to implead the defendant, upon and for the several supposed causes of action in the declaration mentioned, and to cause him to appear, and upon his appearance to declare against him for the said several supposed causes of actions, &c. in manner, &c.

On the trial, the plaintiffs produced the *capias* with the return set forth in the replication, and proved by the plaintiffs' attorney that it was issued on the note in question, for the purpose of saving the statute of limitations ; and that it was returned and filed in the Albany clerk's office, October 16th, 1821.

The defendant's counsel objected, that it being issued by the plaintiffs in their representative character as executors, and this suit being in their own right, it would not support the subsequent process, so as to save them from the effect of the statute of limitations.    This objection was overruled.

The defendant's counsel then moved for a nonsuit, on the ground that the plaintiffs had not made out the facts affirmed in the replication, and upon which issue was taken by the rejoinder.    The judge overruled this objection also, and decided that, from the facts proved, it was to be intended that the writ was issued with intent to be executed.

The defendant's counsel then offered to prove that the writ was not issued with intent that the same should be actually served on the defendant.    This testimony was objected to by the plaintiff's counsel as immaterial and irrelevant but was admitted by the court, subject to the exception.

The defendant then called J. Colvin, the under sheriff of Albany, who swore that the writ was delivered to him at the time endorsed upon it, October 10th, 1821, by the attorney in his office, who said it was merely to save the statute, and he did not wish it served ; and therefore the witness made no effort to serve it, and it was not served.    The plaintiff's attorney requested him to return it not found ; which was done in consequence of these instructions.

It was admitted by the plaintiff's counsel, that the defendant lived in Albany, was at home while the writ was in the sheriff's hands. The defendant's counsel then contended, that the defendant had fully proved what he had alleged in his rejoinder; and that on the second issue joined in the cause, the jury ought to find for the defendant. That if the rejoinder was bad, the plaintiffs ought to have demurred. The question of law was not then to be decided; but the jury must find the facts put in issue.

The judge charged the jury, that the plaintiffs had maintained the second issue in the cause; that the facts proved by the defendant were immaterial, and they ought to find for the plaintiffs on both issues. The jury found accordingly $785 35 for the plaintiffs.

Exceptions were taken to the several opinions expressed by the judge; and it was agreed that either party might turn the case into a bill of exceptions.

*H. Bleecker*, for the defendant, now moved in arrest of judgment, or for a new trial. He said that process issuing in a special, could not be pursued in a general character, so as to save the statute. (1 Chit. Pl. 254, 5. 1 Dunl. Pract. 239, 40. 1 Tidd, 403. 5 T. R. 402. 3 Wils. 61. 2 Saund. 63, 4, note (6.) The replication is therefore defective, and the judgment should be arrested. The same matter was urged at the circuit on the ground that, in point of evidence, the replication was not sustained. If the continuance be imperfect we are entitled to relief in one view or the other.

The plaintiffs did not sustain the issues taken by the rejoinder. It lay with them to prove the intent with which the writ issued. They held the affirmative. But whether this be so or not, the defendant negatived the intent in the very terms of the rejoinder; and the verdict is against evidence.

The intent was matter of substance. The statute requires that all actions should be commenced; and all process sued out within six years. Is suing out process with intent not to have it served, the commencement of an action? The process should go with the opposite intent

with the view of bringing the defendant into court. What can the defendant otherwise know of it ? What good does it do ? What purpose does it effect ? The statute is a dead letter, if it can be avoided in this way. If the suit be *bona fide* it is an act of diligence, which, we agree, should save the plaintiff's rights. Quieting estates, and avoiding suits, are the objects of the statute. These objects are expressly recited in the English act. Laws are made to subserve the vigilant; not the indolent. The precedents all contain the averment that the writ was issued with intent to be served ; and the cases hold that this should be so. (2 Burr. 950, 961. 2. Chit Pl. 598, 606. 1 Wils. 141. 1 Lil. Ent. 32. 3 Wentw. Pl. 203. Id. 178. 3 John. Cas. 145. 17 id. 65. 18 id. 14. 2 Sel. 343.) The case in Wilson was one of tender. Would this writ be an answer to a plea of tender ? One of the cases cited is of an escape. Is the court prepared to overturn the whole doctrine on that subject ?

*B. F. Butler* and *S. A. Foot*, contra. The replication does not aver the intent, that the writ should be served. " To be executed in due form of law," refers to the manner of execution. The rejoinder goes beyond this, and denies the intent, that it was to be served. This should be rejected, and the issue confined to the fact which the replication contained. Nothing more could be put in issue.

The variance was not material, even it had been taken advantage of in season. (2 W. Bl. 1131, 2, 3.) The court would not have set aside the proceedings ; but only have discharged the defendant on common bail. (1 Archb. Pr. 59. Dunl. Pract. 239, 40, and note. Barn. 494. 2 W. Bl. 722. 4 Burr. 2417, 18. 8 T. R. 416.) But it is now too late to take advantage of the defect, if it be one. (Dunl. Pr. 332, and note. 1 Sel. 100. 2 John. Rep. 365. 12 id. 430.) The words, " executors, &c." may be rejected as surplusage. The plaintiffs are not described as executors in the *ac etiam*, where the true cause of action is to be looked for. The first is mere form. (1 Dunl. Pract. 122. 1 Sel. 81, and the cases cited by these.) At any rate, the court will now amend the writ, ordering the representative

character to be stricken out, as they would in the first in-
stance. (1 R. L. 117, s. 6. 18 John. 510. 2 Dunl. 702,
and the cases there cited. 2 W. Bl. 1133. 12 John. 430.

The writ was delivered to be executed. A delivery for
the purpose of having it returned *non est*, is a delivery for
the purpose of execution, within the words and meaning of
the statute. It is enough, that the writ is issued and re-
turned to the proper office, within the six years. Process,
by which the statute is to be avoided, is to be considered
in a two fold view. If only one capias is issued, which is·
served, it may be material to inquire into the intent with
which it was delivered, provided it was issued before, but
served after the lapse of the six years. It is material, in
such a case, to see that it was delivered in good faith.
Another case is, where a writ is delivered as a mere matter·
of form, to enable the party to go on at a subsequent period.
There the intent to have it served is not material. (2 Sell.
343.) This should not startle because it is a fiction. Fictions
are abundant in the law. Ejectment is a fiction through-
out. Trover is another. In *sci. fa.* nothing is more usual than
to procure returns of *nihil* upon express instruction. And
the same thing may be said of a *capias* to avoid the statute.
(Cowen's Treat. 467. 3 T. R. 662. 6 id. 617. 7 Mod. 5.)
It is evidence, according to the forms of law, that the plain-
tiff will not acquiesce in the barring of his debt. The *lis
pendens* is notice to the defendant. This is the very com-
mon case of a *capias* returned *non est*, and a continuance by
· *vice comes non misit breve ;* the whole of which, is fiction
and matter of form. The very existence of the intermediate
process is mere fiction. The issue here presents the sim-
ple question, whether the process issued for the same cause
of action, as that mentioned in the declaration. If the ar-
gument against us is to prevail, the long settled practice
will be overthrown, and important rights destroyed. The
defendant cannot complain. Is there any doubt, that a
*capias* may go to a foreign county, where the defendant is
a stranger? The plaintiff is not confined to one county
more than another. Had we issued our process to Erie, with
instructions to serve it, no one would pretend that we could

not have continued it.   And what is the difference between preventing a service in that way, and any other ?

*Bleecker*, in reply.   I did not suppose any human being could understand the words, " to be executed in due form of law," in any other sense than *to be served—to be made effectual—to bring the party into court.*   The sheriff is bound in the same sense, by oath to execute all writs delivered to him for the purpose.   With the same reason, it may be said he is, by oath, bound to return them *non est.*

We could not apply to set aside proceedings for the variance, when the declaration agreed with the writ which went immediately before it.

There is nothing in the distinction set up between a single *capias* served, and one or more returned *non est,* as to the form of the pleading.   The precedent which I cited from Lit. Ent. 32, was of a *plurality ;* yet the same form is pursued as in the case of single process.   Has it indeed come to this, that the statute of limitations is to be avoided by what gentlemen, and the reporter in his treatise cited by them, are pleased to call a mere ceremony ?

*Curia,* per WOODWORTH, J.   The rejoinder puts in issue two facts ; 1. It denies that the writ was delivered to the sheriff to be executed ; 2. That it was sued out with intent to implead the defendant upon the supposed causes of action.

As to the first, the evidence is express, that the writ was not delivered to be executed, that is, to be actually served on the defendant.   As to the second, although not intended to be served, it was, nevertheless. issued with intent to implead the defendant in the action.   It was to save the statute of limitations, on the ground that process had been sued out before the statute attached ; and being returned *non est,* might be continued down until the defendant appeared, and thus deprive him of the benefit of his plea, should it be interposed.   The writ, then, although not delivered to be executed, must be considered as delivered with the intent to implead the defendant.   And the question arises, wheth-

er a delivery of the writ, with direction not to execute it, be a material fact. The usual course of the circuit is, for the jury to find the issue according to the evidence without regard to its materiality. If immaterial, the party against whom the verdict is found would be entitled to an arrest or judgment *non obstante veredicto.* But admitting that this issue should have been found for the defendant, there is no sufficient ground for the court to interfere and set it aside, provided it be immaterial; because the defendant would derive no benefit, if a new trial should be granted. If, however, the issue be material, a new trial should be granted.

I have not found any case, where the fact that the writ was delivered with directions not to execute it, was the point in issue. The general doctrine seems to be this; the plaintiff may reply a *capias* sued out within time, and returned *non est inventus,* by the sheriff; and show that the process was regularly continued by *vice comes non misit breve,* to the time of declaring. (2 Saund. 63, note (6). 2 Salk 420. 6 D. & E. 617.) This is considered a good commencement of the suit for the purpose of defeating the operation of the statute; and if so, I do not perceive how the principle can be effected by giving the sheriff directions not to make personal service of the first writ. The defendant is not thereby deprived of any defence that he would have had, independent of such instructions given to the officer. The plaintiff may thereby be subjected to greater delay; but the defendant sustains no injury. To him, this fact is not material. I am of opinion that the motion for a new trial be denied.

To support the motion in arrest, the defendant contends that the first *capias,* being issued by the plaintiffs in their representative character, cannot support the subsequent process and proceedings in their own right. The identity of the cause of action, and the issuing the first writ, are put in issue. It is true, in that writ, the plaintiffs are described as executors; and declare in their own right. If this is irregular, after plea pleaded it was too late to take advantage of a variance between the declaration and the writ. (12

John. 430.) The proper course is, to move the court that the defendant be discharged on common bail. (8 D. & E. 416. 5 id. 402. 3 Wils. 61, 141. 2 Bl. Rep. 722. 1 B. & P. 384.)

From an examination of the authorities, I am inclined to the opinion, that the variance did not entitle the defendant to any thing more than to be relieved on filing common bail. If, however, the objection can now be properly urged, it is not too late, after trial, to allow an amendment, by striking out the description of the plaintiffs as executors. The doctrine laid down in *Lion* v. *Burtis*, (18 John. 512,) is, that amendments in furtherance of justice, ought to be made, even after trial, as to mere formal mistakes, arising from clerical errors, when the substantial rights of one party will be promoted by the amendment; and the other party is no otherwise prejudiced, than by depriving him of a formal objection. I am of opinion that the motion in arrest be denied.

Motions denied.