NEW-YORK,
May 1838.

Ontario Bank
v.
Rathbun.

Ordered accordingly.

ONTARIO BANK *vs.* RATHBUN.

A capias sued out and returned non est inventus, continued down by regular continuances on a continuance roll, 'to the term when the process issued upon which the defendant was arrested, saves the attaching of the statute of limitations; and it seems that no length of time between the first and last process destroys the effect of such a proceeding; in this case seventeen years elapsed between the issuing of the two writs.

No objection at all events can be taken to the continuance roll at the circuit; if irregularly made up and filed, or if unauthorized the remedy of the defendant is by motion.

THIS was an action of *assumpsit*, tried at the Oneida circuit in April, 1836, before the Hon. HIRAM DENIO, then one of the circuit judges.

The plaintiffs declared on the  common money counts, laying the promises on the 2d December, 1817.   The declaration was entitled of October term, 1835.   The defendant pleaded 1. the  general issue;  2. non-assumpsit infra  sex annos;  and 3. actio non-accrevit infra, &c.   To each of the special pleas there were two replications, 1. taking issue generally,  and 2. the issuing and delivery of a capias to the sheriff of Genesee, in December, 1817, returnable in January, 1818, the return of *non est inventus* thereon with the usual continuances down to October term, 1835, the issuing of a *testatum capias*, founded on the original capias, to the sheriff of Erie, returnable at October term, 1835, on which the arrest was made.   Upon these replications issue was taken. On the trial the plaintiffs proved their demand, the issuing and return of the first capias sued out in the cause, and the *testatum capias* with a return of *cepi corpus* endorsed thereon, returnable at October term, 1835.   The plaintiffs also produced a continuance roll from January term, 1818, to

NEW-YORK,
May, 1838.

Ontario Bank
v.
Rathbun.

October term, 1835, filed on the 22d December, 1835. It appeared in evidence that in 1824 the defendant was the keeper of a splendid hotel in Buffalo, and since then had been extensively engaged in business at that place. The counsel for the defendant, amongst other grounds urged by him against a recovery, insisted that a suit could not be continued in existence for such a length of time by a mere fiction, and the defendant thereby be deprived of his defence of the statute of limitations ; but the objection was overruled, and the jury under the charge of the Judge found a verdict for the plaintiffs. The defendant having excepted and obtained a bill of exceptions to be sealed, now moved for a new trial.

J. A. Spencer, for the defendant.

C. P. Kirkland, for the plaintiffs.

By the Court, COWEN, J. The argument urged in favor of a new trial is that the plaintiffs failed to maintain the issue upon the pleas of the statute of limitations, on account of the lapse of time between the issuing of the first *capias*, and the testatum capias ; that the intermediate time cannot exceed 6 years ; that the issuing of the original capias ought not to be more than equivalent to a new promise which would continue in force for 6 years only. All the intermediate process stated by the continuance roll are said to be a fiction, which should not in justice be allowed to avail for more than six years. No case nor dictum was cited fixing or intimating such a limitation, nor am I aware of any principle which requires it. If there be any such, I apprehend that the circuit is not the place at which it can be insisted on. The continuance roll being produced, it imports absolute verity, like any other record, and surely cannot be contradicted even by parol, much less by the assumption that it is false. *Non constat* that a capias may not have been regularly continued in truth during the whole time. If the record was improperly made and filed, the course was to move that it be set aside for irregularity. I suppose

it was in the ordinary form. It is not produced, and whether it be sufficient to maintain the issue does not appear. It was objected at the trial that it was not. Upon that we cannot pronounce. The point was not much insisted on in argument, and, in fact, does not arise.

