## GAYLORD BLAIR, Appellant, *vs.* JOHN W. CARY.

APPEAL FROM CIRCUIT COURT, WALWORTH COUNTY.

Heard October 14.]            [Decided November 29, 1859.

*Commencement of Suit— Writ—Limitations—Estoppel.*

The issuing and serving a summons is not a proper continuance of a suit commenced by *capias*, and returned *non est*, but it is the beginning of a new suit, and will let in the statute of limitations, which could not have been pleaded to the suit commenced by the *capias*.

A suit commenced by *capias* before the adoption of the code, is not discontinued by issuing a summons in the same case after it went into effect; but the first suit may be continued by filing a continuance roll in the case, and which may be done as a matter of right, and especially in reply to a plea of the statute of limitations.

An *alias capias* could be issued in a cause commenced by *capias* before the adoption of the code, and except so far as the statute provided, the proceedings would be according to the course of the common law.

Where a suit was commenced by *capias*, which was not served, and the plaintiff issued a summons as a continuance of the cause, and the defendant moved to set the summons aside, and the motion was overruled by the court; and he then pleaded the statute of limitations, and thereby renewed his objection, that the summons was the commencement of a new suit, and that issue was tried and resulted in favor of the defendant: Held that such trial would not bar the suit commenced by the *capias*, which was properly continued as an existing action.

This action was brought by Gaylord Blair for false imprisonment, upon a state of facts detailed *in re Gaylord Blair*, 4 Wis., 522; and also in *Gunn et al. vs. Blair*, reported in this volume, *Supra*, 352. The particular facts upon which this appeal is founded are detailed in the opinion of the court.

*Mat. H. Carpenter*, for the appellant.

*Cary & Pratt*, for the respondent.

*By the Court*, PAINE, J. This was an action of trespass, commenced by *capias*, under the old system of practice. An order holding the defendant to bail was procured, and the writ issued, delivered to the sheriff of Walworth county, and returned *non est inventus*. The code then went into effect, and the plaintiff issued a summons with a clause similar to that inserted in *alias* writs, conceiving it to be a proper continuation of the process in the suit. This was served on the defendant, and he appeared and moved to set it aside, which motion was denied. He then answered, and, among other things, set up the statute of limitations as a bar, the time within which the action might be brought, having expired between the time of issuing the *capias* and that of issuing the summons. This issue was tried and a judgment of nonsuit rendered against the plaintiff on the merits. The counsel for the plaintiff then became satisfied that the summons was not a proper continuation of the suit commenced by *capias*, and that the legal effect of it was to begin a new suit, which, even though he should reverse the judgment of nonsuit, on the merits, would still be barred by the statute of limitations. He therefore applied to the circuit judge and obtained leave to file a continuance roll by which the first suit was regularly continued from term to term, and then issued an *alias capias*, on which the defendant was arrested. The defendant moved to set aside this *alias* writ, claiming that the first suit had been abandoned by the plaintiff by proceeding in the suit commenced by

Blair vs. Cary.

summons. The motion was granted, and from the order granting it, this appeal is taken.

When the code took effect, it was applicable in suits previously commenced, in which there had been no pleading, to the pleadings, and all subsequent proceedings. This being such a suit, it consequently was applicable to the process, and if any process was required, it should have been such as would have been proper under the old system. The authorities cited by the counsel for the appellant show that it could not have been continued by a summons, and it was conceded on both sides that the legal effect of issuing the summons in this case was the commencement of a new suit.

The appeal therefore presents the questions, 1st, whether the commencement of the second suit worked a discontinuance of the first; and 2d, if not, whether the plaintiff was entitled to proceed in it as he did.

We think it very clear that the first suit was not discontinued by the second. On the contrary, the familiar rule is, that the pendency of a prior suit may be pleaded in abatement of a second for the same cause. And this being so, the plaintiff's proceedings seem to have been strictly regular. Some of the authorities would show that he might have filed the continuance roll without leave of the court. *Wilkes vs. Wood,* 2 Wilson, 203; *Beardmore vs. Rattenbury,* 5 Ad. & Ald., 458; *Bank of Orange Co. vs. Haight,* 14 Wend., 86; *Sherman vs. Barnes,* 8 Conn., 142; *Pennock vs. Hart,* 8 S. & R., 380.

But even if it required leave, that leave was obtained. And if it was to any extent a matter of discretion with the judge below, we could not say that the discretion was improperly exercised. There can be no doubt that the plaintiff intended to proceed with the first suit. But in attempting to do so, after a change in the entire system of practice, he mistook his course, and commenced a new suit, which he prosecuted believing himself in the right path. But upon looking into it,

he finds that he had commenced a new suit, and that before he commenced it his claim was barred by the statute of limitations. However meritorious might be his claim, he sees that it would be fruitless to proceed, and that his right is gone; unless the first suit, which he did commence, and which he supposed he was prosecuting, was still pending so that he could proceed in that. Under these circumstances, even if it had been matter of discretion to grant leave to file a continuance roll, and thus show on the record that the suit had been properly continued, we think the leave could not have been refused. The following authorities fully sustain this view: Bull. N. P., 151 ; Note 6 to *Hodsden vs. Harridge*, 2 Saund., 63 ; *Budd vs. Birkenhead*, 2 Salk., 420 ; *Harris vs. Woolford*, 6 Term R., 617 ; *Baskin vs. Wilson*, 6 Cow., 471 ; *Sherman vs. Barns*, 8 Conn., 141–2 ; *Harrington vs. Taylor*, 15 East, 378 ; *Beekman vs. Satterlee*, 5 Cow., 519 ; *Soulden vs. Van Renselaer*, 3 Wend., 475 ; and *Ontario Bank vs. Rathbun.*, 19 Wend., 291.

These decisions show that to a plea of the statute of limitations, it is a good answer to say that a suit was commenced in time by *capias*, which was returned *non est inventus ;* provided it was continued. And that in order to avoid the statute the party may file his continuance roll almost as a matter of course, it being considered as a mere matter of form.

In the case in 5 Cowen, it was held to make no difference, even if it appeared that the plaintiff issued the *capias* and instructed the officer not to serve it, it being done merely to save the suit. It was said that this was no damage to the defendant. And in the case in 19 Wendell, it was continued in this manner for seventeen years, so as to avoid the statute. This shows that the courts have leaned strongly in favor of upholding suits for that purpose, and that this would have been a sufficient reason even if it had been matter of discre-

Blair vs. Cary.

tion, why the judge below should have allowed the plaintiff to file the continuance roll. Being filed it became a part of the record, showed the suit properly continued, and justified the issuing of the *alias* writ on which the defendant was arrested. The order setting aside this writ was therefore erroneous.

The defendant contended that an *alias capias* was not authorized by law, even under the old system; but that it was superceded by § 34, chap. 127, R. S., 1849. But although the party might, by this section, have the same benefit in cases coming within it, from a new suit, that he would by continuing the first; yet we do not think it should be construed as prohibiting a resort to the latter course. The statutes authorized the commencement of actions by *capias*, and, except so far as they otherwise provided, the proceedings would be according to the common law; and that was strictly followed by the plaintiff in this case.

The defendant also urged that as the court below overruled his motion to set aside the summons, and decided, as the plaintiff claimed, that it was a proper continuance of this suit, and inasmuch as he had submitted to that ruling and gone to trial, the plaintiff ought not now to be permitted to assume the defendant's position, and go back and try the first suit. There would be much force in this if the defendant had acquiesced entirely in the ruling of the court upon that question. But instead of that, he pleaded the statute of limitations, thereby still insisting that it was a new suit, and placing himself in a position to take effectual advantage of his objection.

The order appealed from is reversed with costs.