June Term, 1861.

PIERCE
v.
KNEELAND
et al.

---

·PIERCE vs. KNEELAND and others.

After the decision of this case as reported in 9 Wis. R., 24, a motion was made by the respondents for a rehearing. The majority of the court overruled the motion without filing any further opinion. The following dissenting opinion was filed.

PAINE, J. This is a motion for rehearing. The history November 2. of the case in which it is made is fully set forth in 9 Wis., 24, and will not be repeated further than is necessary to present the question arising upon this motion. It appears that property, which is stated by the only affidavit upon that subject to have been worth twenty-five thousand dollars, was adjudged to be sold on foreclosure for a debt of something over $9,000; that the defendants took an appeal from the judgment, and served the notice of appeal together with an undertaking which they supposed sufficient to stay proceedings, on the day for which the sale was advertised, but before it had taken place. They then neglected to attend at the sale, and the property was sold to the plaintiff for $1000. The defendants resisted confirmation upon the ground that the sale took place after the proceedings

June Term,
1861.

PIERCE
v.
KNEELAND
et al.

were stayed, and upon the ground of gross inadequacy of price, mingled with the surprise upon them by reason of their having supposed that no sale would take place. The court below refused to confirm the sale, holding that the undertaking served was sufficient to stay proceedings. From that order the plaintiff appealed to this court, which reversed it, holding that the undertaking was not sufficient to stay proceedings, but without noticing any of the other grounds relied on for resisting the confirmation. The defendants filed and served notice of a 'motion for rehearing in this court, but before any term at which it could be brought to a hearing, the plaintiff procured a *remittitur* and proceeded again in the court below. The defendants thereupon moved in that court to set aside the sale upon the same grounds upon which they had previously resisted its confirmation, excepting the one that the proceedings had been actually stayed. The court set aside the sale, and from that order the plaintiff appealed to this court, and we reversed it upon the ground that the previous decision upon the motion to confirm was a bar to the second application. 9 Wis., 23.

It follows from the decision there made, that if the other matters relied on were sufficient to prevent a confirmation, the only remedy for the defendants was a motion for a rehearing in this court upon the first appeal from the order refusing confirmation. Because even though the court below had been wrong in holding that the undertaking served stayed proceedings, still if the confirmation was resisted for other good reasons, this court should have affirmed the order for these reasons, instead of reversing it merely because the court below had given an insufficient reason for it. After our decision, therefore, that the matters involved in the motion to confirm were *res adjudicatæ* between the parties by a decision of that motion, the defendants now seek to bring up their motion for a rehearing, which was filed upon the first appeal but never acted upon further by either party.

As to the propriety of granting the motion, provided it can now be entertained, I do not understand there is any doubt. There is certainly no room for any. Whether or not the undertaking served was sufficient to stay proceed-

June Term,
1861.

PIERCE
v.
KNEELAND
et al.

ings, it is clear that the defendants supposed it to be so, and thinking that no sale would take place did not attend and took no steps whatever to protect themselves. A stronger case of surprise could not well be stated, and this mingled with the enormous inadequacy of price would imperatively require a court of equity to set aside the sale, by all the authorities upon that subject. Property worth $25,000 sold for $1,000, and the mortgagor subjected to a personal judgment for a deficiency of over $8,000! That such a transaction cannot stand if within the reach of the court, and that the court should strain every nerve and exhaust every power to reach it, are propositions which I shall take for granted without argument.

But the majority of the court have come to the conclusion that the motion for a rehearing cannot now be entertained, for the reason that the term of court for which it was noticed was permitted to expire without any action upon the motion by either party. To this I cannot agree.

It may be conceded for the purposes of the argument, that ordinarily a motion will be held to have expired or to have been abandoned, if not called up during the term for which it was noticed, unless continued by an order for that purpose. But even conceding this, I think there is nothing in the rule so remorseless and inflexible as to place it absolutely beyond the power of the court to relieve a party from great injustice and oppression that might otherwise result from a mere mistake or misapprehension of the practice on his part. And if orders continuing the motion from term to term were necessary in order to keep it alive until this time, I think it is within the power of the court, which ought to be exercised for the promotion of justice, to direct those orders to be entered *nunc pro tunc*. This is a power frequently exercised by courts of law. In *Mara vs. Quin*, 1 Term R., 1, a judgment was amended so as to give it a retroactive effect. Lord KENYON said: "The forms of the court are always best used when they are made subservient to the justice of the case." But the exercise of the power is too familiar to need reference. It is well illustrated by the rule allowing the filing of a continuance roll for the

June Term,
1861.

PIERCE
v.
KNEELAND
et al.

purpose of keeping alive a suit which, by an application of the strict rules of law, would be out of court. This rule is based upon the assumption that, strictly speaking, a case not continued from the term at which it was commenced, is discontinued. Says BLACKSTONE, vol. 3, p. 316: "If a continuance of the case is omitted, the case is discontinued, and the defendant is discharged *sine die*." Yet notwithstanding this, it is well settled that where a suit has been commenced and no order continuing it has been entered for many terms, the party may still keep it alive by filing a continuance roll. See *Blair vs. Cary*, 9 Wis., 543, and cases there cited. This is allowed for the furtherance of justice where the right might otherwise be barred by the statute of limitations.

This doctrine, therefore, being well established at law, it seems to me very clear that it should not be denied in equity. The latter courts have always been supposed to have a greater facility for controlling the mere forms and modes of proceeding, than courts of law. And where the latter have adopted the practice of allowing orders of continuance to be entered *nunc pro tunc*, so as to keep alive the entire suit when justice requires it, it seems to me strange to say that a court of equity has no power to entertain a motion for re-hearing, merely because it has not been regularly continued, though it is the only remedy by which the party can escape from the infliction of such enormous oppression. Such a rule paralyses the power of the court, and makes the ends of justice subservient to a techical adherence to forms.

In *Shepherd et al. vs. Wilson*, 6 How. (U. S.), 276-8, the court apply the rule referred to, to motions, and say that "a continuance may be entered at any time to effect the purposes of justice," and that "such technical objections have long ceased to be of any avail in any court."

In examining another question I have seen one other case where the same doctrine was applied to a motion, but I neglected to make a minute of it, and have since been unable to find it. But I really think it needs no authority to support it. The principle being well established with respect to continuing the entire suit, it necessarily follows that

the same power must exist with respect to a motion. The greater includes the less.

I have no doubt, therefore, of the power of the court to direct the proper orders to be entered *nunc pro tunc*, continuing the motion for a rehearing from term to term since it was filed, and that it should exercise the power, and the motion should be entertained and granted.