### White's Bank of Buffalo *vs.* Ward and others.

In an action against several joint debtors, commenced by the actual service of the summons upon a part of the defendants before the statute of limitations has become a bar, a defendant not then served, cannot avail himself of the objection that the process was not served on *him* until more than six years after the cause of action accrued.

APPEAL by the plaintiff from a judgment ordered at the circuit, in favor of the defendant Ward. The action was tried by the court without a jury.

*John Ganson*, for the plaintiff.

*T. C. Welch*, for the defendant.

White's Bank of Buffalo *v.* Ward.

*By the Court,* HOYT, J. This action was commenced against William R. L. Ward, Augustus Colson and Curtis L. Brace, by the service of the summons on the defendants Brace and Colson on the 28th December, 1853, by the sheriff of Erie county, who returned that the defendant Ward could not be found. The action was brought to recover the amount of two promissory notes, dated December 29, 1847; one for $5000 and the other for $4500, payable on demand with interest, made by the defendants as copartners. The defendants all resided in the city of Buffalo, when the notes were made. The defendant Ward removed from the state in August, 1850, and continued a resident out of the state until the 9th of December, 1856, on which day he became and has since been a resident of this state. During his residence out of the state he was frequently within the state, openly, on business and visits to his friends, in the aggregate amounting to the period of one year.

On the 27th of May, 1854, the plaintiff, for want of an answer by Colson and Brace, who had been served with the summons, entered a judgment in form against all of the defendants, as joint debtors, and on the 15th September, 1860, the defendant Ward was served with a summons to show cause why he should not be bound by the original judgment. At the circuit the presiding justice held that the plaintiff's demands were barred by the statute of limitations, as against the defendant Ward, and that he was not bound by the original judgment. The cause of action in this case, for the purposes of the statute of limitations, must be deemed to have arisen at the date of the notes, because an action might have been immediately brought and sustained thereon without showing a demand of payment, other than the bringing of the action. (*Van Keuren* v. *Parmelee,* 2 *N. Y. Rep.* 524.) It is therefore quite clear that the notes must be deemed barred by the statute of limitations, unless saved by the original commencement of the action by service on the co-defendants. Because the defendant Ward had been an actual resident of

White's Bank of Buffalo *v.* Ward.

this state for at least six years and four months of the time intervening between the making of the notes and the time the summons to show cause was served on him.   The provisions of the 2d title of part 2 of the code as to the time of the commencement of civil actions are declared by § 73 of the code not to extend to actions already commenced, nor to cases where the right of action had already accrued, but that the statutes then in force shall be applicable to such cases, according to the subject of the action, and without regard to the form.   The right to bring this action having accrued before the passage of the code, the rights of the parties are not affected by said second title, but are to be determined by the statutes then existing, unless affected by some other provision of the code, or some subsequent statutory provision.

By the provision of 2 *R. S.* 296, § 18, the action must be brought within six years after the cause of action accrued, and not after that.   But by § 27, if, after such cause of action has accrued against any person, he shall depart from and reside out of this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action.   And by § 38 it is provided that no action shall be deemed to have been commenced, within the meaning of that chapter, unless it appear that the first process or proceeding therein was duly served upon the defendants, or *some* or *one* of them, or that a *capias ad respondendum* was issued within the time required by law, to the sheriff of the county in which the defendants, or one of them, usually resided or last resided, in good faith and with intent that it be actually served.   The first process in this case having been served on two of the defendants within the time required by law, the plaintiff might have omitted to enter judgment until service could be had on the other defendant ; and although more than six years should have elapsed before the service on him, the action would have been commenced within the provisions of the revised statutes, so that he could not have availed himself of the statute of limitations.   But

the plaintiff had a right to enter judgment in form against all of the defendants, which could only be enforced against the partnership property of all the defendants and the individual property of those served. It was formerly and repeatedly held that a new promise, or a payment, made by one of several joint debtors, was sufficient to take the case out of the statute of limitations, as to all. But it is now settled by the court of appeals that a promise or payment made by one of several debtors jointly liable, whether made before or after the statute of limitations has run, is not sufficient to prevent the other debtors from availing themselves of the statute. (*Shoemaker* v. *Benedict*, 1 *Kern.* 176. *Van Keuren* v. *Parmelee*, 2 *Comst.* 523. *Winchell* v. *Hicks*, 18 *N. Y. R.* 558.) Of course these cases have no application to a case where the new promise or payment is made by one member of a firm, while the copartnership exists, because his act is then the act of the firm. In *Denny* v. *Smith & Hull*, (18 *N. Y. R.* 567,) it was held that the absence of one joint debtor from the state suspends the running of the statute as to him, although his co-debtor remained within the state. In *Oakley* v. *Aspinwall*, (4 *N. Y. R.* 517,) where a judgment was entered in form against two joint debtors, only one of whom was served with process, it was held that in a subsequent action or proceeding instituted to charge both of the alleged debtors, the cause of action did not arise upon the judgment. That the action or proceedings must be founded upon the original cause of action. It was in effect held that the judgment was not even *prima facie* evidence of the original liability of the defendant not served. But whether under the terms of the statute, after such liability was shown, it was conclusive against such defendant of the amount of liability, or whether it only operated as a limitation of the extent to which the plaintiff might recover against the defendant not before served, were questions left undetermined by that case. Looking at the statute of limitations in the light of these decisions, I think it follows that where an action was brought

White's Bank of Buffalo *v.* Ward.

against several joint debtors, under the revised statutes, and part of the defendants were served with process before the statute of limitations had become a bar, such service was a good answer to such a defense interposed by the other joint debtors who were not served until after the statute would have been a bar as to them, if they had been the sole defendants. In such a case, if the plaintiff elected to take his judgment, as he might, in form against all where only part of the defendants were served, and should bring a new action for the purpose of charging those not originally served, he was, under the case of *Oakley* v. *Aspinwall*, bound to count upon and prove his original cause of action against such defendants, notwithstanding the judgment; and as that would be a new action, it may be said, and doubtless would be held, that the statute would commence running against such defendants from the time the original demand became due; and if more than six years had elapsed before the bringing of the new action, it would be a bar.

It will have been seen that under the provisions of the revised statutes, where a judgment was obtained against joint debtors on service of process on only a part of them, in order to get an effectual judgment against the defendant not served, so as to bind his individual property, it was necessary to bring a new action and to count upon the original demand; but now, although the provisions of the revised statutes upon the subject of the limitation of actions have been preserved as to demands accruing before the code, still other provisions of the code have in some manner changed the remedy or form of proceeding. In an action commenced under the code, against several joint debtors, whether the cause of action accrued prior or subsequent to the code, if a summons be served on part of the defendants the plaintiff may proceed against the defendants served, unless the court otherwise direct; and if he recover judgment, it may be entered against all the defendants thus jointly indebted, so far only as it may be enforced against the joint property of all, and the separate

property of the defendants served. (*Code*, § 136, *sub.* 1.) This is substantially like the provisions of the revised statutes as to proceedings against joint debtors. But § 375 of the code provides that when a judgment shall be recovered against one or more of several persons jointly indebted upon contract, by proceeding as provided by § 136, those who were not originally summoned to answer the complaint may be summoned to show cause why they should not be bound by the judgment, in the same manner as if they had been originally summoned. By § 377, the summons is to describe the judgment, and require the person summoned to show cause why he should not be bound by the judgment in the same manner as if they had been originally summoned. By § 379, upon such summons the party summoned may answer within the time specified therein, denying the judgment, or setting up any defense which may have arisen subsequently, and in addition thereto, if he be proceeded against according to § 375, he may make the same defense which he might have originally made to the action, except the statute of limitations. These proceedings are new, and are equally applicable to cases where the cause of action arose before as since the code, and must be deemed proceedings in the original action·upon the footing of the judgment therein. It is a continuation of the proceedings for the final determination of matters involved in the action as first commenced, but left undetermined by the judgment entered therein. If the defendant summoned has any good defense which he might originally have made to the action he may still make it, except that by a literal interpretation of § 379 he would be prohibited from interposing a defense of the statute of limitations, which may have existed when the action was originally commenced. Whether such was the design of this prohibition it is not now material to inquire, because there is no pretense in this case that the cause of action upon either of the notes was barred by the statute of limitations, as against any of the defendants, at the time this action was originally commenced. The action

White's Bank of Buffalo *v.* Ward.

having been commenced by the actual service of the summons upon part of the defendants jointly liable, before the statute of limitations was a bar, this defendant cannot now avail himself of the objection that the process was not served on him until more than six years after the cause of action accrued.

Without the statute there is no pretense that the defendant had any defense, and if he seeks to avail himself of the provisions of the statute of limitations, to relieve himself from liability, he must be subjected to all of the conditions therein imposed, one of which, as has been seen, is that if the action is commenced by the service of the first process upon one of several defendants jointly indebted, it is to be deemed a sufficient commencement of the action to prevent any of the defendants who may not have been served with process therein until more than six years after the cause of action accrued, from availing themselves of the statute.

The provisions of the code in relation to the statute of limitations in cases where the cause of action has arisen since its passage, are evidently designed to preserve this feature of the old statute ; because § 99 provides that an action is commenced, within the meaning of that title, as to each defendant, when the summons is served on him or on a co-defendant who is a joint contractor, or otherwise united in interest with him.

In the case cited by the defendant, (4 *Denio,* 56,) the cause of action arose before the revised statutes, and was governed by the revised laws of 1813, which contained no provision, in case of joint debtors, for making a service on one defendant a good commencement of the action against the other, to save the running of the statute.

We think, therefore, that the statute of limitations cannot be made available to this defendant, and that the judgment must be reversed and a new trial granted ; costs to abide the event.

[ERIE GENERAL TERM, February 10, 1862. *Davis, Grover* and *Hoyt,* Justices.]