CHARLES MAPLES, RESPONDENT, *v.* ALEXANDER W. MACKEY, APPELLANT, IMPLEADED WITH EMORY D. ANGELL.

*Statute of limitations—when it is no defense in proceedings to charge a joint debtor not personally served—Code of Procedure, § 375.*

In proceedings instituted under section 375 of the Code of Procedure, to require one joint debtor, not originally summoned to answer the complaint, to show cause why he should not be bound by the judgment entered against his co-debtor, the fact that an action upon the original contract would then be barred by the statute of limitations constitutes no defense, provided that the statute had not run at the time the action was originally commenced against the defendant upon whom the summons was served.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

This proceeding was instituted under section 375 of the old Code. The defendant Mackey was summoned on April 11, 1876, to show cause why he should not be bound by a judgment, entered in Tioga county, August 31, 1858, against his co-defendant and joint debtor, Emory D. Angell. Issue was joined by an answer thereto, interposed by the defendant Mackey, in which he set up, substantially, a general denial, and the statute of limitations—the six years' statute. The cause now comes into this court for the second time. It was first tried at the Broome Circuit in June, 1877, before the court, without a jury. The court found that the judgment, which was the basis of the proceeding, was invalid, and upon that ground alone ordered judgment for the defendant. But this court, on appeal from the judgment, ordered a new trial, holding that the judgment originally entered in the action was valid, and that on it the plaintiff had the right to institute this proceeding. (15 Hun, 533.)

The second trial was had at the Broome Circuit in June, 1879, before the same judge, without a jury, who found and decided in favor of the plaintiff. On the second trial it was shown that the defendants, Angell and Mackey, were, on January 3, 1857, co-

partners, under the firm name of Angell & Mackey, doing business in the village of Owego, New York; that the said copartnership continued until August 4, 1857; that on January 3, 1857, the defendants, by their firm name, drew their draft on the plaintiff for $200, payable to their own order, sixty days after date; that the draft was drawn in the firm name by defendant Angell, and indorsed in the firm name by the defendant Mackey; that the draft was accepted by the plaintiff for the defendants, and was at maturity paid by him from his own funds; that on or about August 9, 1858, the plaintiff commenced an action on the said draft against both of the defendants. The summons was served upon the defendant Angell, in Otsego county, in this State, by a deputy sheriff, who delivered a copy of the summons to him. That the defendant Angell made the following admission of service, which was indorsed on the summons in the action:

"I admit due personal service of a copy of the within summons. Dated August 9, 1858.

"E. D. ANGELL."

No other proof was shown to have been made before the clerk, of the service of the said summons.

That on the aforesaid admission a judgment was entered, August 31, 1858, in Tioga county, in form against both said defendants, for $220.94 damages, and $13.84 costs.

It also appeared that the proceeds of the draft were used in the business of the firm, and for the benefit of the firm, and that the moneys so paid by the plaintiff have never been repaid.

*S. L. & F. M. Mayham*, for the appellant.

*Arthur More*, for the respondent.

LEARNED, P. J.:

When this case was before this court the first time, we held that the judgment against Angell was not void by reason of the irregularities in the admission of service. (22 N. Y. Sup'm. Ct., 537.) And it appears now affirmatively by the evidence on the trial, that

Angell was, in fact, served with the summons at the time when he gave the admission. Jurisdiction, therefore, was obtained.

By the old Code (§ 99), an action is commenced as to each defendant, when the summons is served on him or on a co-defendant, who is a joint contractor, &c. (See, for analogy, 2 R. S., p. 299, § 38.) Angell & Mackey were joint contractors on this draft; and the money received thereon was used in the firm business. The summons was served on Angell August 19, 1858, and he was a co-defendant with Mackey. Therefore, the action was on that day commenced as to Mackey. If, then, the plaintiff had not entered any judgment the action would have remained pending; and the statute would not have been a bar. (*Garland* v. *Chattle*, 12 Johns., 430.) And, therefore, we cannot see how, if judgment had not been entered, and if the summons had subsequently been served on Mackey more than six years after the draft had become due, Mackey could have set up the statute of limitations. (*Evans* v. *Cleveland*, 72 N. Y., 486.)

This may throw some light on the construction to be given to the sections 375 *et seq.* In this present case judgment had been perfected under section 136, subdivision 1. Then a summons was issued under section 375 against Mackey. He was then authorized under section 379 to deny the judgment; to set up any defense thereto which had arisen subsequently; and also to make any defense which he might have made to the action if the summons had been served on him at the time when the same was originally commenced, Now, at the time when the action was originally commenced, that is, on August 19, 1858, Mackey could not have made the defense of the statute of limitations. The other defense, that the money was for the individual benefit of Angell, is disproved. No defense has arisen subsequently to the judgment. It was shown that the present proceeding was commenced within twenty years thereafter. And the plaintiff was entitled therefore to his judgment. (*Gibson* v. *Van Derzee*, 47 How. Pr., 231; *Broadway Bank* v. *Luff*, 51 Id., 479; *White's Bank* v. *Ward*, 35 Barb., 637.)

The defendant insists that after dissolution the act of one partner cannot bind the other. That is true, but does not apply. It was not any act or promise or acknowledgment of Angell which

bound Mackey. It was the service of a summons on Angell by the plaintiff which stopped the running of the statute of limitations. It it be said that the admission of service by Angell in the judgment roll was not conclusive on Mackey of the fact of service, that might be admitted. Perhaps Mackey might be allowed to prove, as a matter of fact, that the summons was not served on Angell at the time when it purports to have been. But no such proof was offered. On the contrary, it was proved affirmatively upon the trial that the summons was served on Angell at the time named, at least, to the best of the witness's recollection.

The judgment should be affirmed, with costs.

Present—LEARNED, P. J., BOOKES and FOLLETT, JJ.

Judgment affirmed, with costs.