Miami County National Bank, Appellant, vs. Goldberg, Respondent.

*November 20—December 12, 1905.*

*Reference: Motion for judgment: Time limited: New trial: Mandatory statute.*

Sec. 2867, Stats. 1898 (providing that "if in any action heard and decided by a referee the prevailing party shall fail to cause the referee's report to be filed and move for a judgment thereon within one year from the date of said report the action shall be dismissed or a new trial ordered, on motion of the adverse party"), is mandatory, and the court has no power under sec. 2831 to enlarge said time.

Appeal from a judgment and orders of the circuit court for Outagamie county: John Goodland, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Pierce & Lehr* and *Irving P. Lord,* and oral argument by *J. E. Lehr.*

For the respondent there was a brief by *Kreutzer, Bird & Rosenberry,* and oral argument by *C. B. Bird.*

Winslow, J. The plaintiff bank sued to recover the amount of an alleged overdraft made by one L. D. Goldberg,

claiming that the defendant, *Mathilda Goldberg,* had by written contract agreed or guaranteed to pay such overdraft. The defendant denied the validity of the supposed contract or guaranty and pleaded other defenses. The action was referred for trial, and the referee filed his report August 28, 1903, in which he found that the defendant was not liable and was entitled to judgment of dismissal of the complaint. No motion was made by the defendant for judgment on the report, and in December, 1904, the plaintiff moved to vacate the report and for a new trial of the action upon an affidavit showing the fact of defendant's failure to move for judgment, and the further fact that three terms of court had elapsed since the date of the report. This motion was opposed by the defendant, and a counter motion made asking that her default be set aside and that she be allowed to move for judgment upon the report, based upon affidavits tending to show that the neglect was excusable. Both motions were heard at the same time, and the court denied plaintiff's motion for a new trial and granted the defendant leave to move for judgment upon the referee's report, and, upon such a motion being subsequently made, confirmed the report of the referee and entered judgment thereon dismissing the complaint. The plaintiff appealed from the order denying its motion for a new trial, also from the order granting defendant's motion for leave to move for judgment, and from the judgment itself.

The plaintiff's motion was based upon sec. 2867, Stats. 1898, which provides that if in any case heard and decided by a referee "the prevailing party shall fail to cause the referee's report to be filed and move for a judgment thereon within one year from the date of said report the action shall be dismissed or a new trial ordered, on motion of the adverse party; provided, such motion shall not be made until at least two terms of court shall have been held subsequent to the date of such report." The facts shown upon the motion brought the case precisely within the terms of this section, but the

court refused to grant a new trial, and on the contrary relieved the defendant from her default and rendered judgment for her upon the report, notwithstanding the specific command of the statute.

It is attempted to justify this action of the court on the ground that the case comes within sec. 2831, Stats. 1898, which provides that the time within which any proceeding in an action, except the taking of an appeal, may before its expiration be enlarged, and that, "except as aforesaid and as otherwise specially prescribed by law, the court or a judge may also, on motion and good cause shown, in discretion and upon such terms as may be just, allow any such proceeding to be taken after the time limited by or in pursuance of the statute or by any order of court has expired." The only question which we find it necessary to consider is whether the case comes within the provisions of this last-named section. The section is remedial in its nature, and should of course be given such reasonable liberality of construction as will give it due effect in the accomplishment of the purpose for which it was framed. Where a statute or order of court simply limits the time within which an act is to be done, there are few cases to which it does not apply except the case of the taking of an appeal. But in the present case the statute which prescribes the time within which judgment must be moved for upon the report of a referee (sec. 2867, *supra*) goes further, and provides that in case the motion be not made within the time limited the court shall dismiss the action or order a new trial. Here is something more than the limiting of time within which an act is to be done; here is a specific command framed in no discretionary terms but using the word "shall," which is always mandatory. It is difficult to see how a court can be justified in refusing to obey this command. It is true that the provision is drastic in its nature, but it is very evident that it was intended to be drastic. The evils and probability of long delays, especially in actions tried before a ref-

cree, were evidently in the mind of the legislature, and the effort was made to prevent such delays by the affixing of a severe penalty which should always follow when properly invoked by the defeated party.    Sec. 3072, Stats. 1898, which requires a plaintiff whose judgment has been reversed in this court to pay the costs and bring the action to trial in the trial court within a year after the reversal, unless continued for cause, and provides that if he fail to do so the complaint shall be dismissed, is quite similar in its terms to sec. 2867.    This statute has been before this court several times, and, while it has been held that a party might lose his rights under it by waiver, it has been uniformly held that, unless there has been such waiver, the statute is mandatory, and the court can do but one thing, and that is to dismiss the case.    "The statute must be obeyed."    *Christianson v. Pioneer F. Co.* 101 Wis. 343, 77 N. W. 174, 917; *State ex rel. Mitchell v. Johnson,* 105 Wis. 90, 80 N. W. 1104.

It seems impossible to draw any substantial distinction between secs. 2867 and 3072 in this respect.    If one is mandatory the other must be equally so.    If it be mandatory, and the court is compelled to dismiss when the required facts exist, it is clear that the court cannot enlarge the time under sec. 2831, because the case is one which is "otherwise specially prescribed by law."

*By the Court.*—The judgment and orders appealed from are reversed, and the action remanded with directions to grant the plaintiff's motion for a new trial of the action.