EISENTRAUT, Administratrix, Respondent, vs. CORNELIUS
and another, Appellants.

*October 25—November 14, 1911.*

*Appeal: Reversal: Duty of plaintiff as to new trial: Dismissal of ac-
tion.*

1. Where a judgment in plaintiff's favor was reversed and the
   cause remanded with directions to bring in other parties, frame
   issues, and reopen the case for the reception of further evi-
   dence and the making of findings, and plaintiff failed to bring
   the cause to trial or to obtain a continuance within one year
   after such reversal, the action was properly dismissed under
   sec. 3072, Stats. (Supp. 1906: Laws of 1905, ch. 365), although
   plaintiff did, within the year, file a petition to amend the com-
   plaint and bring in the additional parties.
2. A continuance for cause might have been applied for before the
   case was noticed for trial.

APPEAL from a judgment of the circuit court for Clark
county: A. H. REID, Judge.    *Affirmed.*

For the appellants there was a brief by *F. E. Withrow,* attorney, and *Bunge & Bosshard* and *Arthur A. Mueller,* of counsel, and oral argument by *Geo. W. Bunge.*

For the respondent there was a brief by *Sturdevant & Farr,* and oral argument by *L. M. Sturdevant.*

TIMLIN, J. On February 18, 1908, this court reversed a judgment in favor of the plaintiff in this case, and remanded the same with directions that the court proceed to bring in all the parties necessary to a complete determination or settlement of the questions involved, frame issues, and reopen the case for the reception of such other material evidence as might be produced and which was not introduced at the former trial, and thereafter to make its findings of fact. *Eisentraut v. Cornelius,* 134 Wis. 532, 115 N. W. 142. The case remained in the files of this court until February 13, 1909, when it was remanded to the circuit court for Clark county. Notice of *remittitur* was served February 13, 1909. On February 16, 1909, plaintiff filed a petition in the circuit court to amend the summons and complaint and bring in additional parties as directed by this court, and the court made an order to show cause thereon returnable March 8, 1909. The defendants thereupon petitioned the circuit court to dismiss the cause for the reason that the action had not been continued for cause or brought to trial within one year after its reversal as provided by sec. 3072, Stats. (1898). That statute as amended by ch. 365, Laws of 1905, provides as follows:

"In every case in error or on appeal in which the supreme court shall order a new trial or further proceedings in the court below, the record shall be transmitted to such court and proceedings had thereon within one year from the date of such order in the supreme court, or in default thereof the action shall be dismissed, unless, upon good cause shown, the court shall otherwise order. It shall be the duty of the losing party in any action or proceeding when a judgment or order

in his favor in the court below is reversed by the supreme court on the appeal of the opposing party to pay the clerk's fees on such reversal, procure the record in said cause to be remitted to the trial court and bring the cause to trial within one year after such reversal, unless the same be continued for cause, and if he fail so to do, his action shall be dismissed."

The first sentence seems to impose the duty of procuring the transmission to the court below on the plaintiff, because the result of failure is that the action shall be dismissed unless, etc. The second sentence appears to impose this duty on the losing party, who may or may not be the plaintiff, and for failure *"his action shall be dismissed."*

In the instant case, however, the plaintiff and the losing party are the same. The original judgment in her favor was reversed by the supreme court on the appeal of the opposing party, and the same seems to be within the letter of the statute. That the appellant made a belated attempt to bring in new parties as required cannot avail her in the face of this statute, which requires either that there be a continuance for cause or that the action be brought to trial, and in default of both that the action be dismissed. The statute is quite drastic, but so long as the legislature acting within its power sees fit to impose such laws it is our duty to obey and enforce them. *State ex rel. Mitchell v. Johnson,* 105 Wis. 90, 80 N. W. 1104; *Miami Co. Nat. Bank v. Goldberg,* 126 Wis. 432, 105 N. W. 816; *Sutton v. C., St. P., M. & O. R. Co.* 114 Wis. 647, 91 N. W. 121.

The appellant suggests that the cause could not be noticed for trial before the additional parties were brought in and could not be continued for cause until after it was noticed for trial. We consider these difficulties imaginary. There is no such obstacle in the way of an application for a continuance. *Sutton v. Wegner,* 72 Wis. 294, 39 N. W. 775; *Blair v. Cary,* 9 Wis. 543.

*By the Court.*—Judgment affirmed.