State ex rel. Oelhafen-Mondeau Co. v. Werner, 182 Wis. 637.

STATE EX REL. OELHAFEN-MONDEAU COMPANY, Petitioner,
vs. WERNER, Circuit Judge, Defendant.

*January 15—February 12, 1924.*

*Venue: Enlargement of time within which to demand change: Due diligence.*

1. An application to extend the time within which to serve a demand for a change of venue was properly denied where the record showed that on October 13th (the twenty-first day after the service of the complaint) a proper demand for a change had been served on plaintiff's attorneys, but that defendant's attorney made no inquiries as to whether or not the demand would be complied with until November 13th, as due diligence required defendant to ascertain the true status of the action as to venue before that time.   p. 639.
2. The time for a change of venue fixed by sec. 2621, Stats., may be enlarged after its expiration, under sec. 2831.   p. 639.

MANDAMUS begun in this court to compel the defendant as circuit judge to change the place of trial of an action wherein one Innerebner was plaintiff and the relator herein was defendant from Shawano county to Lincoln county on the ground that defendant was a resident of the latter county. A proper demand for change of venue was not served until October 13, 1923, twenty-one days after the service of the complaint.   Under date of October 8, 1923, in mailing its answer defendant asked for consent to a change of venue. October 10th plaintiff's attorneys notified defendant's attorney that no copies were served with the answer.   On October 11th copies were mailed but did not reach plaintiff's attorneys till the 13th of October, one day too late.   On November 13, 1923, defendant's attorney wrote to plaintiff's attorneys, "I have so far received no consent to change of venue.   I assume the matter has been overlooked;" to which plaintiff's attorneys replied under date of November 17, 1923, "You are advised that we do not consent to a change of venue in the case of Innerebner v. Oelhafen-Mondeau Co.   If you feel you are entitled to a change, it

will be necessary for you to make your motion." On November 28th defendant's attorney obtained an order to show cause returnable December 3, 1923, for leave to amend his original demand and for an enlargement of time within which to make it. This motion was denied December 3, 1923. On December 21, 1923, defendant's attorney obtained an order to show cause December 24, 1923, why the venue should not be changed. This action is brought to test the validity of the order of December 3d and the order of December 24th denying the motion. The respondent moved to quash the alternative writ.

For the petitioner there were briefs by *G. M. Sheldon* of Tomahawk, attorney, and *F. J. Smith* of Merrill, of counsel, and oral argument by *Philip F. La Follette* of Madison.

For the defendant there was a brief by *Eberlein & Larson* of Shawano, and oral argument by *M. G. Eberlein*.

VINJE, C. J. The trial court was of the opinion that the provisions of sec. 2831, Stats., did not grant it power to enlarge the time provided for in sec. 2621 after its expiration, and for that reason denied the motion to enlarge the time. It has also by an amended supplemental return stated:

"That in addition to the reasons heretofore returned in the above matter, the trial judge also ruled and held that if sec. 2831, Statutes of Wisconsin, did apply to sec. 2621, Statutes of Wisconsin, and the court was obliged to exercise its discretion under said sec. 2831, the court would be obliged to hold that the defendant and its attorney were not diligent in making their application for such extension of time under the attending circumstances and deny it on that ground also."

We concur in the conclusion reached by the trial court that defendant failed to exercise due diligence. It is of the utmost importance to litigants that the venue of an action should be promptly determined, so that a proper preparation for and notice of trial of the action may be made. Here service of the complaint was made over six weeks before

defendant's attorney knew where the place of the trial of the action was, or made inquiries which informed him definitely that consent would not be given to a change of venue. Due diligence required him to ascertain the true status of the action as to venue earlier than that.

Sec. 2831 provides:

"The time within which any proceeding in an action after its commencement, except the time within which an appeal must be taken, may, before its expiration, be enlarged, upon an affidavit showing grounds therefor, by the court or a judge. The affidavit or a copy thereof must be served with a copy of the order, or the order may be disregarded. Except as aforesaid, and as otherwise specially prescribed by law, the court or a judge may also, on motion and good cause shown, in discretion and upon such terms as may be just, allow any such proceeding to be taken after the time limited by or in pursuance of the statute or by any order of court has expired."

There is nothing in sec. 2621 that declares that upon the expiration of the twenty days after service of the complaint, in the absence of a request for a change of venue, the action shall stand for trial in the county named in the complaint. In other words, the statute does not declare what must be done as to venue in case the twenty days expire, as it does in the case of a reversal of an action in this court and a failure to retry it within a year, as provided in sec. 3072, Stats. 1921, and held in *Eisentraut v. Cornelius,* 147 Wis. 282, 133 N. W. 34, or as to the time within which action must be taken upon a referee's report under sec. 2867, Stats. 1921, as held in *Miami Co. Nat. Bank v. Goldberg,* 126 Wis. 432, 105 N. W. 816. The only exception which sec. 2831 makes is with reference to the time within which an appeal shall be taken, and where "otherwise specially prescribed by law." We have not had our attention called to any statute or decision making the time within which a venue may be changed incapable of enlargement after it has expired under the terms of sec. 2831 and we have found none ourselves. Cases like *Ludvigson v. Superior S. B. Co.* 147 Wis. 34,

132 N. W. 621, holding that sec. 2831 has no application to a failure to take proper exceptions to a refusal to submit certain questions in a special verdict, are beside the question, for such exceptions must be taken during the trial, and the statute as to enlargement of time has no application to them.

*By the Court.*—Motion to quash the alternative writ of *mandamus* granted.