January Term,
**1861.**

STATE ex rel. BROWNELL and another vs. McARTHUR.

STATE ex ⌐rel.
BROWNELL
et al.
v.
McARTHUR.

| 13 | 407 |
|----|-----|
| 103 | 409 |
| 103 | 616 |

| 13 | 407 |
|----|-----|
| 105 | 94 |

| 13 | 407 |
|----|-----|
| ø106 | 236 |

Where the defendants in an action for the price of goods sold made seasonable demand in writing, that the place of trial should be changed to the county in which they resided at the time the action was commenced, and where the summons was served, it was *held* that they were entitled to have such change made, notwithstanding the circuit judge for that county had been retained, before his election, as attorney for the plaintiff in the action.

Where the court in which the action was brought, refused, on the application of the defendants, to make an order for such change, a *mandamus* was issued, requiring the court to make such order.

APPLICATION for a Mandamus.

The case is stated in the opinion of the court.

*Smith, Keyes & Gay*, for relators, cited 2 Bur. Pr., 173; 1 Wend., 297-9; 12 id., 246; 9 Wis., 345. The order denying the change of the place of trial was not appealable, and no relief can be had except by *mandamus*, which is therefore the proper remedy. 18 Wend., 575; 20 id., 20; 5 Hill, 616.

*E. Mariner, contra,* cited 3 Wis., 809. The statute provides that but one change of the place of trial shall be made, and the judge of the circuit court for Dane county, having been of counsel in the case, could not try it. The plaintiff should not lay his place of trial in a county where he knows the action cannot be tried.

*By the Court,* COLE, J. This was a rule granted by the chief justice in vacation, requiring the respondent to show cause before the supreme court on a day therein named, why a peremptory writ of mandamus should not be issued from this court, commanding him, as judge of the circuit court of Milwaukee county, to make an order changing the place of trial of an action commenced and pending in that court, wherein one William Brundage was plaintiff, and Gilbert Dutcher and and Lyman Brownell were defendants. It appears from the affidavits and papers upon which the rule was granted, that the action of *Brundage vs. Dutcher & Brownell* was founded upon contract, and was commenced by a summons, which was served upon the defendants at the city of Madison in Dane county, where both resided at the time the

March 12.

January Term,
1861.

State ex rel.
Brownell
et al.
v.
McArthur.

suit was instituted, and where both still reside. Before the time for answering expired, Dutcher and Brownell filed their answer, and demanded in writing that the trial be had in the proper county. The counsel for the plaintiff not consenting to change the place of trial, application was duly made to the circuit court for such change, which was refused. The reason stated in the return of the circuit judge, why he refused to change the place of trial to the county of Dane, where the defendants resided, was, that it appeared from the affidavit of Mr. Mariner, counsel for Brundage, that he had retained the judge of the ninth judicial circuit as counsel in the matter in dispute in the action, before said judge was elected, and therefore that the case should not be sent to that circuit for trial. We do not consider this reason, however, as valid and satisfactory. Section 4, chapter 123, R. S., declares that actions like the one mentioned in this case, "shall be tried in the county in which the defendants or any of them shall reside at the commencement of the action," provided that the action may be tried in the county where the defendant may be at the time he is served with summons. And by the last clause of the section it is provided, that if the county designated in the complaint be not the proper county for the trial of the action, still it may be tried therein, unless the defendant, before the time of answering expires, demand in writing that the trial be had in the proper county, &c. The first clause of this section would seem to give a defendant an absolute and unqualified right to have the action tried in the county where he resides. This is a right or privilege given him by statute. He might, however, waive this right and permit the trial to be held in the county designated in the complaint, and he would be presumed to have done so unless before the time for answering should expire, he should demand in writing a change of the place of trial. But in this case the defendants seasonably demanded in writing that the trial be had in Dane county. Upon this demand being seasonably and properly made, the circuit court had no discretion in the premises, but should have at once granted the application. Otherwise, if the circuit court might refuse, in its discretion, to change the

place of trial to the proper county on a proper application, what efficacy or force could be given to the statute? The defendant's right to have the action tried in the county where he resided would not be absolute, and would depend upon the discretion of the circuit judge. Nor do we think the fact that the judge of the proper county had been retained in the cause by the plaintiff, furnished a good and sufficient reason why the cause should not be sent to Dane county. The defendant might have been perfectly willing, notwithstanding this, that the judge of the ninth judicial circuit should try the cause. Or the judge of that circuit might have exchanged with some other circuit judge, who would have been competent to hear and try the cause. At all events the defendants have an absolute right, under the statute, to have the place of trial changed to Dane county. See *Foster vs. Bacon*, 9 Wis., 345.

We think therefore that a peremptory writ must be allowed.