ALLEN, Respondent, vs. THE CITY OF MILWAUKEE, Appellant.

*August 31 — September 18, 1888.*

*New trial: Discretion: Value of land: Verdict contrary to evidence.*

The question being as to the value of land condemned for a street, the owner introduced three witnesses, each of whom was a dealer in real estate and apparently well acquainted with the value of the property, each of whom fixed the value of the land at $7,000 and upwards. The city introduced five witnesses, none of whom were experts or shown to have any special knowledge as to the value of the land in question, and they fixed its value at from $3,200 to $4,000. The jury assessed the value at $4,000. *Held,* that there was no abuse of discretion in granting a new trial.

APPEAL from the Circuit Court for *Milwaukee* County. The defendant city instituted proceedings to condemn for public use, for the purposes of a street, certain land therein belonging to the plaintiff. The board of public works of said city duly assessed the damages sustained by the plaintiff thereby at $4,500. The plaintiff appealed from said assessment and award to the circuit court of Milwaukee county. The case was tried in that court, and the trial re-

sulted in a verdict assessing the value of the property so condemned at $4,000. On motion of the plaintiff the court granted a new trial upon the terms that she pay the costs of the former trial herein. The defendant city appeals from the order granting a new trial.

*Eugene S. Elliott*, for the appellant.

For the respondent there was a brief by *J. C. McKenney* and *Rietbrock & Halsey*, and oral argument by *L. W. Halsey*.

LYON, J. It will be observed that a new trial was granted in this case in the exercise of the discretion of the circuit court. This appears from the fact that the court imposed upon the plaintiff the usual terms as a condition of granting the same. The only question to be determined is, therefore, Was the granting of a new trial an abuse of the discretion vested in the circuit court in that behalf? We think it was not.

The plaintiff introduced three witnesses, each of whom was a dealer in real estate and apparently well acquainted with the value of plaintiff's property, each of whom fixed the value of the land in question at $7,000 and upwards. The defendant introduced five witnesses on the same subject, none of whom were experts, and neither of them was shown to have any special knowledge as to the value of the land in question. These witnesses fixed the value of the land at from $3,200 to $4,000. The circuit judge in his charge to the jury called their attention to these facts.

While it was doubtless competent for the jury to predicate their verdict upon the testimony of the defendant's witnesses, thus disregarding the opinion of those witnesses who, presumably, were best informed on the subject concerning which they testified, it must also be conceded, we think, that it was competent for the circuit judge, if dissatisfied with the verdict, to set the same aside and grant a

new trial in his discretion.    We find here no abuse of discretion, and cannot therefore disturb the order granting a new trial.

*By the Court.*— Order affirmed.