WHEREATT, Respondent, vs. ELLIS, Appellant.

*May 6 — May 23, 1893.*

*Appeal:* Remittitur: *Duty of plaintiff: Dismissal of complaint: Waiver.*

The obligation of the plaintiff under secs. 3072, 3072a, S. & B. Ann.
Stats., to have the cause remitted to the trial court within one year
after an order of the supreme court directing a new trial or after
the reversal of a judgment or order in his favor, and the right of
the defendant, in case of plaintiff's failure to do so, to have the
complaint dismissed, is waived by the defendant if, within the year,
he procures the cause to be remitted and takes proceedings in the
trial court inconsistent with the right to such dismissal.

APPEAL from the Circuit Court for *Trempealeau* County.
On November 22, 1887, an order of the circuit court in
this action in favor of plaintiff was reversed by this court
on the appeal of defendant, and the cause remanded with
directions to award a new trial. 70 Wis. 207. On January
27, 1888, the defendant paid the clerk's fees in this court,
and procured the record to be transmitted to, and filed in,
the circuit court. Various proceedings were thereafter taken
in the circuit court by both parties, commencing with a no-
tice by defendant requiring the plaintiff to appear and sub-
mit to an examination under sec. 4096, R. S., on January
7, 1888, and terminating with an order dated December 11,
1888, made on motion of defendant, referring the cause to
a referee to hear, try, and decide the issues therein. On
the same day the court denied defendant's motion to dis-
miss the complaint for noncompliance with the require-
ments of secs. 3072, 3072a, S. & B. Ann. Stats. In December,
1891, defendant renewed his motion to dismiss the com-
plaint for the same cause, and on January 16, 1892, the court
made an order denying such motion. This appeal is by
defendant from both orders denying his motions to dismiss
the complaint.

Whereatt vs. Ellis.

For the appellant there were briefs by *J. F. Ellis*, in person, and *M. D. Bartlett*, of counsel, and oral argument by *Mr. Ellis* and *Mr. F. J. Lamb*.

For the respondent there was a brief by *L. A. Doolittle* and *A. J. Sutherland*, and oral argument by *Mr. Doolittle*. They argued, among other things, that sec. 3072a being a statute for the protection and benefit of the defendant, he might waive his right under it. *Lee v. Tillotson*, 24 Wend. 337; *Matter of Cooper*, 93 N. Y. 512. In general where jurisdiction or the power to act exists and the only objection to its exercise is one intended for the benefit and protection of the party complaining thereof, such objection must be taken at the earliest practicable opportunity after the party or his counsel is aware of its existence, and it will be regarded as waived by the omission or neglect to urge it seasonably. *Warren v. Glynn*, 37 N. H. 340; 1 Herman, Res. Jud. sec. 389; 2 id. secs. 816, 825; Cooley, Const. Lim. 181, 409, note 2; *Perkins v. Jones*, 62 Iowa, 345; *Baker v. Kerr*, 13 id. 384. See, also, as to the waiver of various objections and rights, *Elliott v. Lewis*, 16 Hun, 581; *Curtis v. Jackson*, 23 Minn. 268; *Papke v. Papke*, 30 id. 260; *Cross v. Levy*, 57 Miss. 634; *Ransom v. New York*, 4 Blatchf. 157; *Baker v. Curtis*, 7 How. Pr. 478; *Hollister v. Livingston*, 9 id. 140; *Leonard v. Rogan*, 20 Wis. 540; 1 Thompson, Trials, sec. 2; *New York v. Lyons*, 24 How. Pr. 280; *Pearson v. Rawlings*, 1 East, 77; *D'Argent v. Vivant*, id. 330; *Flanders v. Merrimac*, 44 Wis. 621; *Abbott v. Johnson*, 47 id. 239; *Cogswell v. Colley*, 22 id. 399; *Pettit v. Hamlyn*, 42 id. 434; *Kane v. Fond du Lac*, 40 id. 495; *Jenkins v. Esterly*, 24 id. 340; *Bell v. Olmsted*, 18 id. 69; *Carpenter v. Shepardson*, 43 id. 406; *Schaeffner's Estate*, 45 id. 614; *Miller v. McDonald*, 13 id. 673; *State ex rel. Smith v. Cooper*, 59 id. 666. Although none of the decisions just cited rest upon a state of facts precisely like those in the case at bar, they show that this court is fully committed to the general

principle controlling this case, viz.: A party to an action having a statutory right to have the action dismissed for any irregularity waives the right by participating without objection in any proceeding therein preparatory to a trial on the merits.

LYON, C. J. The motions of defendant to dismiss the complaint are based upon the following statutes: " SECTION 3072. In every case, in error or on appeal, in which the supreme court shall order a new trial or further proceedings in the court below, the record shall be transmitted to such court, and proceedings had thereon, within one year from the date of such order in the supreme court, or in default thereof the action shall be dismissed, unless, upon good cause shown, the court shall otherwise order. SECTION 3072a. It shall be the duty of the plaintiff in any action or proceeding, when a judgment or order in his favor therein is reversed by the supreme court on defendant's appeal, to pay the taxable costs on such reversal, and procure said cause to be remitted to the trial court, and bring the same to trial within one year after such removal, unless the same be continued for cause, and if he fail so to do the complaint shall be dismissed; provided, however, that no complaint shall be dismissed until the expiration of six months after the passage of this act, nor until at least one term of the trial court has been held, at which the same could be moved." As was intimated in *Packard v. Backus,* 83 Wis. 213, the word " removal " in sec. 3072a should probably be read " reversal." The latter section is ch. 478, Laws of 1887.

The above statutes are highly penal, in that for noncompliance with their requirements the plaintiff must lose his action. Of course such statutes must be strictly construed in favor of the party charged with violations of them, and waivers of those requirements by defendant should be

strictly enforced.    Under this rule of construction we think
the obligation upon the plaintiff to pay the taxable costs in
this court, to procure the cause to be remitted to the cir-
cuit court, and to bring the same to trial therein within
one year after reversal, unless continued for cause, were
effectually waived by defendant when, within the year of
the statute, he voluntarily paid the clerk's fees, procured
the record to be transmitted to the circuit court, and took
proceedings in that court entirely inconsistent with the
right claimed by him to have the complaint dismissed.   To
obtain the benefit of the statute the defendant should wait
until the expiration of the year after reversal, and then, if
the plaintiff fails to do so, he may procure the cause to be
transmitted to the trial court.    He will then be in a position
to move in that court for the relief given by the statutes,
to wit, the dismissal of the complaint.   See *Packard v.
Backus,* 83 Wis. 213.   We reach the conclusion, therefore,
that the defendant waived the benefit of the above statutes,
and the cause stood thereafter in the circuit court the same
as though such statutes had not been enacted.   It follows
that the circuit court properly denied the motions to dis-
miss the complaint.

    At the last term a motion to dismiss this appeal was
argued, but not decided.   It is desirable that the questions
involved in the appeal should be determined on the merits.
We therefore assume that the appeal was properly taken,
and deny the motion to dismiss the same.

    *By the Court.*—Orders affirmed.