Raymond vs. Keseberg and another.

RAYMOND, Respondent, vs. KESEBERG and another, Appellants.

*December 15, 1897 — January 11, 1898.*

*Appeal: Failure to bring action to trial after reversal: Waiver of right to dismissal: Special verdict: Appealable order.*

1. The right of a defendant under sec. 3072a, S. & B. Ann. Stats., to have the complaint dismissed because the costs were not paid and the cause brought to trial within a year after the reversal of a judgment in plaintiff's favor, is *held* to have been waived, where

plaintiff procured the record to be remitted within two months, and active negotiations for a settlement were soon commenced, which were continued until it was too late to put the cause upon the calendar of any term within the prescribed time, especially where defendant accepted the costs before the new trial began and retained them.

2. Failure to submit for special verdict questions proposed by the appellant is not error, where such questions are all covered, though in a different form, by the questions actually submitted, and such last-named questions are not objectionable.

3. Under ch. 212, Laws of 1895, an order denying a motion to dismiss an action under sec. 3072a, S. & B. Ann. Stats., because the costs were not paid and the cause brought to trial within one year after reversal of a judgment in plaintiff's favor, is not appealable.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.* An accompanying appeal from an order is *dismissed.*

On the evening of May 13, 1885, the plaintiff, while driving upon one of the public streets of the city of *Sheboygan,* ran over a mound of earth placed in the street by the defendant *Keseberg,* and was thereby thrown from his buggy and seriously injured. This action was brought to recover for such injuries. It has been tried several times, and has been before this court in one form or another four times. See 70 Wis. 318; 76 Wis. 335; 84 Wis. 302; 91 Wis. 191.

Since the last reversal another trial has been had, which resulted in the following special verdict: "First: Was the plaintiff injured on the night of the 13th of May, 1885, while riding in a buggy, by running into a mound of earth in front of the *Keseberg* property, in the city of *Sheboygan,* and being thrown out of the buggy thereby? Answer: Yes. Second question: Did such mound of earth render such street defective and dangerous for travel over the same? Answer: Yes. Third question: Had such defect or obstruction existed for such a length of time before the accident that the city of *Sheboygan,* by the exercise of ordinary care, ought to have known of same, and guarded the public against it?

Answer: Yes. Fourth question: Did the defendant *Dorothea Keseberg*, at the time of the accident, exercise reasonable and proper care to warn persons traveling on said street of such obstruction? Answer: No. Fifth question: If you answer the fourth question 'No,' then was such failure to warn the public against such obstruction the proximate cause of the plaintiff's injury? Answer: Yes. Sixth question: Was the plaintiff, at the time of the accident, using ordinary care and prudence in traveling along and over said street in question? Answer: Yes. Seventh question: What amount of damages has the plaintiff sustained by reason of the injury? Answer: $5,000."

From judgment for the plaintiff upon this verdict the defendants have appealed.

For the appellants the cause was submitted on the brief of *Francis Williams* and *A. C. Prescott*.

For the respondent there was a brief by *J. E. McMullen* and *Barbers & Beglinger*, and oral argument by *Mr. McMullen*.

WINSLOW, J. It is a matter of sincere congratulation to all parties that the end of this protracted litigation has at last been reached. Careful examination of the record fails to disclose any reversible error. The points made by the appellants will be briefly noticed.

1. A motion was made in the circuit court, based upon sec. 3072*a*, S. & B. Ann. Stats., in November, 1896, to dismiss the action because the plaintiff had not brought the case to trial, and paid the costs upon the last reversal of the action (which took place October 22, 1895), within a year after such reversal. It appeared by the affidavits submitted upon the hearing of the motion that the defendants paid the fees of the clerk of this court, and that the record was remitted to the circuit court in December, 1895, and that active negotiations were soon commenced by the parties for

settlement of the cause, and that by reason thereof the case was not put upon the spring calendar, 1896, and that such negotiations actively continued until the summer of 1896, when it was too late to put the cause upon the calendar of any term within the prescribed year, as there was no jury term to be held until November. Upon this showing the motion was denied, and the action was brought to trial in January, 1897, the plaintiff paying the costs upon reversal, and the defendants accepting the same on the 4th of January, 1897, before the jury was called. We think that under the rule stated by this court in *Whereatt v. Ellis*, 85 Wis. 340, the defendants waived the benefit of the provisions of sec. 3072*a*. If there were any doubt about this conclusion, it was certainly removed by the acceptance and retention of the costs before the trial began.

2. The defendants assign error because the court refused to submit certain proposed questions as a part of the special verdict. These questions were, in effect: (1) Whether there was a suitable lantern placed on the mound of earth; (2) whether the light from the street lamps was sufficient to make a lantern unnecessary; and (3) whether the plaintiff was so intoxicated as not to be able to exercise ordinary care. These questions were perhaps proper in themselves, but it will be readily seen that they were all covered, though in different form, by the questions of the verdict as actually submitted. So long as the material questions in the case are fully covered by the questions actually submitted, and such last-named questions are not objectionable, the statute is satisfied. The form of the questions is to be determined by the trial court, and, so long as they conform to the requirements of the statute and cover the material issues, there can be no error. We regard the verdict as sufficient in form.

3. It is contended that the evidence was insufficient to sustain the findings of the verdict. We have examined the

bill of exceptions, and find it sufficient. It is unnecessary to state it at length.

The defendants are here with two appeals, one from the order denying the motion to dismiss under sec. 3072a, and another from the judgment in the action. The first appeal must be dismissed, because the order was not an appealable order under ch. 212, Laws of 1895. While it may be said to be an order "affecting a substantial right," it did not "determine the action" or "prevent judgment." It was, however, an intermediate order, reviewable upon appeal from the judgment, under sec. 3070, R. S. 1878, and for that reason we have considered the question in this opinion.

*By the Court.*— The appeal from the order denying the motion to dismiss is dismissed, with costs, and upon the other appeal the judgment is affirmed.