The State ex rel. Mitchell vs. Johnson.

The State ex rel. Mitchell vs. Johnson, Circuit Judge.

*November 24 — December 15, 1899.*

Mandamus: *Bringing cause to trial after reversal: Costs, payment of: Waiver: Dismissal: Mandatory statutes: Discretion.*

1. A judgment against relator in an action wherein he was defendant having been reversed on appeal and costs taxed, and being regularly on the calendar of the circuit court on the twentieth day before the expiration of one year after such reversal, within which, under sec. 3072, Stats. 1898, the record must be remitted, such costs paid, and the case brought to trial, it was continued, by the consent of both parties, to a date beyond the expiration of said year, but the costs were not paid. *Held*, that the requirements of said sec. 3072 are imperative and mandatory, and that if each of said three steps is not complied with, the complaint must be dismissed.

[2. Whether the consent to the continuance waived the requirement that the action be brought to trial within the year, not decided.]

The State ex rel. Mitchell vs. Johnson.

3. The consent to the continuance of such action beyond the year did not establish a waiver of that requirement of sec. 3072, Stats. 1898, that the cost be paid within one year after such reversal. *Whereatt v. Ellis*, 85 Wis. 340, and *Raymond v. Keseberg*, 98 Wis. 317, distinguished.

4. In such case the circuit court should have granted the motion to dismiss when made after the expiration of the year, and its refusal not being discretionary, but in disobedience of a mandatory and imperative statute, and there being no appeal except after judgment in favor of plaintiff, in view of the great inconvenience, expense, and difficulties to be suffered by the relator before the court's action could be reviewed, a proper case is presented for review by *mandamus*.

MANDAMUS to D. H. JOHNSON, Judge of the Circuit Court for Milwaukee County. *Peremptory writ granted.*

On October 22, 1897, this court reversed a judgment in favor of John S. Conway and against the relator. 97 Wis. 290. The costs upon such reversal were taxed at $216.20. Plaintiff paid the fees of the clerk of this court, and procured a *remittitur* to be filed, and noticed said cause for the October term of the circuit court for Milwaukee county, commencing October 3, 1898. On that day, in arranging the calendar, the plaintiff requested, and defendant consented, that this cause be marked not to be taken up for trial prior to November 2, 1898. On November 1, 1898, relator procured and served an order to show cause why said action should not be dismissed for nonpayment of costs within one year from the date of the reversal, that order being returnable November 12th and being based upon affidavits showing the fact of nonpayment. On November 12th the attorneys for said Conway appeared, and represented to the court that amendment of the pleadings and continuance of the cause would be necessary, and that they were then willing to pay the costs taxed in this court, whereupon the court entered an order denying relator's motion that the cause be dismissed, and thereafter, and from term to term since, has continued said action upon the application of

The State ex rel. Mitchell vs. Johnson.

plaintiff therein, and without the consent of the relator. On November 18, 1898, Conway's attorneys tendered an inadequate amount as costs, which was refused by relator's attorneys. Upon these facts, which are not substantially changed by the return, an alternative writ of *mandamus* was issued, to which return has been made.

For the relator there was a brief by *Fish, Cary, Upham & Black,* and oral argument by *John T. Fish.*

For the respondent the cause was submitted on the brief of *Miller, Noyes, Miller & Wahl.*

Dodge, J. The statute (sec. 3072, Stats. 1898) is an imperative and mandatory one, and commands that if the defeated party, upon a reversal and direction by this court of a new trial, shall fail to pay the costs upon such reversal, to procure the record in said cause to be remitted to the trial court, or to bring the case to trial within one year after such reversal, unless the same be continued for cause, the complaint shall be dismissed. If each of these three steps are not complied with, the statute must be obeyed. "*Lex ita scripta est.*" *Christianson v. Pioneer F. Co.* 101 Wis. 343, 346.

Doubtless the prevailing appellant may waive any or all of these requirements, but waiver should not be predicated upon ambiguous acts, which fail to evince such an intention on his part or which have not misled the other party into nonaction. It is contended here that such waiver was accomplished by the consent that the case should not be taken up for trial earlier than the 2d of November, 1898,— a day beyond the year. This consent was given some twenty days before the year had expired. What efficacy it may have had to waive the requirement that the action be brought to trial within the year we need not decide. It clearly cannot establish a waiver of the requirement that the costs be paid according to statutory requirement. It was in no wise in-

consistent with relator's expectation that the plaintiff, Conway, would, within the ensuing twenty days, pay the costs, without which he could not have gone to trial against the proper objection of this relator. *Christianson v. Pioneer F. Co., supra.* Neither the plaintiff nor his attorneys could have reasonably so interpreted that consent, or been misled into the assumption that the relator did not purpose to insist on performance of the plaintiff's statutory duty to pay the costs within the time prescribed. No similarity in principle exists between this situation and that presented in *Whereatt v. Ellis,* 85 Wis. 340, or *Raymond v. Keseberg,* 98 Wis. 317, in both of which the party entitled to insist on the dismissal took various proceedings inconsistent with standing on his rights, under sec. 3072, Stats. 1898, and especially in the last of which he accepted the payment of the costs after the expiration of the year. The circuit court should have granted the motion to dismiss made November 1, 1898, after the expiration of the year, when it was conceded that the costs had not been paid. His refusal thereof was disobedience of a mandatory and imperative statute, leaving him no discretion. The contrary construction, adopted by the circuit judge, sincerely we have no doubt, is not the correct one.

There remains only the question whether a proper case is here presented for this court to interfere by writ of *mandamus,* instead of relegating the relator to its revisory and appellate jurisdiction, within the limits suggested by *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, and *State ex rel. Meggett v. O'Neill,* 104 Wis. 227.

The order denying the motion to dismiss is not appealable. *Raymond v. Keseberg, supra.* It can be reviewed only after a trial and rendition of judgment in favor of the plaintiff. From the record of the case of *Conway v. Mitchell,* 97 Wis. 290, as already considered by this court, it is apparent that the trial would be burdensome and expensive, of course more so now than when it was first tried in 1896, by reason

of the lapse of time and fading memory, if not disappearance, of witnesses. We cannot but think, where the right of the relator and the duty of the court are prescribed in express terms by a mandatory statute, and the inconvenience, expense, and difficulties to be suffered by the relator before the action of the court can be reviewed on appeal are so great, that it is entirely proper to adopt and act upon the more summary process of *mandamus*. *State ex rel. Brownell v. McArthur*, 13 Wis. 407; *State ex rel. Spence v. Dick*, 103 Wis. 407.

*By the Court.*— It is adjudged that peremptory writ of *mandamus* issue.