PARKES, Appellant, vs. LINDENMANN, Respondent.

*November 15, 1911—January 30, 1912.*

*Trial: Setting aside perverse verdict: Appeal: Bill of exceptions: Error not affirmatively shown.*

1. A perverse verdict is one rendered in disregard of the law as given to the jury by the court.
2. Where the bill of exceptions does not contain any part of the charge to the jury, this court cannot say that the court below committed error in holding a verdict perverse.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

This is an action for personal injuries resulting from a collision with defendant's automobile. The plaintiff on the afternoon of November 21, 1908, went to the southeast corner of National and Sixth avenues in Milwaukee, intending to board an east-bound street car at that corner, and took a position in the street about fifteen feet north of the curb and about two feet south of the south rail of the east-bound track, on which track a car was approaching from the west. While she was standing at this point the defendant drove his automobile up Sixth avenue from the south at the rate of about four miles an hour. He proposed to turn east on National avenue. As he reached the south line of that avenue he was a little west of the center of Sixth avenue, and he made a turn towards the east. He saw the plaintiff standing and looking towards the car, and testifies that he sounded his horn and steered his machine so as to go in front of her; that when he was within ten feet or so of her she started forward four or five feet, so as to bring her within the intended course of the machine, and he then turned his machine to go back of her and she ran back in front of the machine, and before he could stop it she had been knocked down and seriously in-

jured, although she was not run over.    The jury returned the following special verdict:

"(1) Was the plaintiff injured by being struck by defendant's automobile at the intersection of National avenue and Sixth avenue, in this city, on November 21, 1908?    A. (by the court). Yes.

"(2) Was the defendant, when he turned into National avenue from Sixth avenue and up to and at the time of the accident, guilty of any want of ordinary care?    A. Yes.

"(3) If you answer the second question 'Yes,' state in what respect defendant failed to use ordinary care.    A. The defendant had sufficient space on either side to pass plaintiff, and thus avoid the accident.

"(4) If you answer the second question 'Yes,' was such want of ordinary care on the part of the defendant the proximate cause of the injury?    A. Yes.

"(5) Was the plaintiff guilty of a want of ordinary care which proximately contributed to the injury?    A. No.

"(6) At what sum do you assess plaintiff's damages? A. Seven thousand (7,000) dollars."

On motion of defendant the court set aside the verdict and granted a new trial on the ground that the verdict was perverse, and from this order the plaintiff appeals.

For the appellant there was a brief by *Otjen & Otjen,* and oral argument by *Henry Otjen.*

*C. Doerfler,* attorney, and *Walter H. Bender,* of counsel, for the respondent.

The following opinion was filed December 5, 1911:

Winslow, C. J.    In this case the defendant's motion to set aside the verdict and for a new trial was based on a number of different grounds, but the record shows that it was granted on one ground only, namely, for the reason that it was perverse.

A perverse verdict is one rendered in disregard of the law as given to the jury by the court.    2 Bouv. Law Dict. (Rawle's Rev.) 663; Black, Law Dict. (2d ed.) 896.

In the present case we are not informed as to what propo-

sitions of law were given to the jury by the court. The bill of exceptions does not contain the charge of the court or any part of it. Not knowing what the instructions given by the court were, it is manifestly impossible for us to say that the trial court was in error when it decided that the jury disregarded its instructions. As error must affirmatively appear before we can reverse the order, it must necessarily be affirmed.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied January 30, 1912.