PARKES, Respondent, vs. LINDENMANN, Appellant.

*March 5—June 1, 1915.*

*Appeal: When new trial is "ordered" by mandate: Dismissal of action for failure to bring to trial: Waiver of right: Appeal: Verdict, when disturbed: Bias of jury: Negligence: Emergencies: Automobiles: Collision with pedestrian.*

1. If the mandate of the supreme court, applying it to the case in which it is made, necessitates a new trial or further proceedings in the court below, then such is the order of the supreme court within the meaning of sec. 3072, Stats. 1913, irrespective of the form of the mandate. Thus, upon appeal from an order granting a new trial, the mandate "order affirmed" orders a new trial within the meaning of said section.

2. A party desiring to have an action dismissed because not brought to trial within a year as required by sec. 3072, Stats. 1913, must act seasonably. If he unreasonably stands by and causes the other party to incur expense which might be saved if he acted

with reasonable promptness, he will be deemed to have waived the provisions of the statute.

3. A verdict approved by the trial court should not ordinarily be disturbed on appeal except in a clear case of error; but findings in such a verdict evidencing bias if not actual perverseness on the part of the jury may properly be considered as bearing upon the value of other findings therein.

4. Thus, where the plaintiff, after she had seen a moving automobile only a few feet away, stepped in front of it and was struck and injured, the bias or perverseness evidenced by a finding that a person of ordinary care would not have anticipated that a collision would probably result from moving in front of the automobile under such circumstances, has a bearing on the value of a further finding that the driver of the automobile should have anticipated that plaintiff would probably move in front of it.

5. In an emergency, where there is no time for the exercise of judgment and deliberate action upon it, a failure to take the best means to avoid an injury is not necessarily negligence.

6. Defendant, going north in an automobile and intending to turn to the east into a cross street, saw plaintiff standing two or three feet south of the south track of a street railway which ran on the cross street. She was waiting for an approaching car and stood about on a line with the east sidewalk of the north and south street. He was going not faster than six miles per hour and had reason to believe that he was within the line of her vision. He took a course by which he would pass to the west and north of plaintiff, and some three to seven feet in front of her, but when his automobile was about ten feet away she first saw it, became startled, and ran north in front of it. He at once turned southeast to go behind her and would have done so had she not immediately run to the south again in front of his car. When she did that he tried to stop and avoid her by heading his car north, but did not clear her and she was struck by the right fender. The car was stopped within two feet of where she was struck. *Held*, notwithstanding a verdict to the contrary, that defendant was not guilty of any negligence.

'APPEAL from a judgment of the circuit court for Milwaukee county: W. B. QUINLAN, Judge. *Reversed.*

Action for personal injury sustained by being struck by defendant's automobile. Upon a former appeal an order of the circuit court setting aside a verdict in favor of plaintiff on the ground that it was perverse and granting a new trial

was affirmed.    See *Parkes v. Lindenmann,* 148 Wis. 89, 133
N. W. 580.

When the case was called for trial the defendant moved to
dismiss on the ground that it had not been brought to trial
within the year as required by sec. 3072, Stats. 1913.    The
motion was denied and the case tried.    There is very little
dispute as to the facts.    On November 21, 1908, at about
1 o'clock in the afternoon of a clear day at Milwaukee, the
plaintiff, a woman about fifty-five years of age, was struck
by defendant's automobile, a Buick weighing about 2,000
pounds, while waiting for an east-bound street car on the
east side of Sixth avenue where it intersects National ave-
nue.    Sixth avenue runs north and south.    National avenue
runs east and west and has two street-car tracks on it.
Plaintiff stood on a line with the east sidewalk of Sixth ave-
nue and about two or three feet south of the south rail of the
south car track waiting for a car from the west which was
approaching and which she had signaled to stop.    The de-
fendant came north about in the center of Sixth avenue, and
when just about at the intersection of the south line of Na-
tional avenue exclusive of the sidewalk space he first saw
plaintiff waiting for the east-bound car.    He then continued
in a northeasterly direction at a speed of from four to six
miles per hour and would have passed to the left and in
front of plaintiff at a distance of from three to seven feet
had she remained standing where he first saw her.    When
he was within ten feet of her she for the first time, appar-
ently, saw the automobile, though the evidence is that de-
fendant had several times blown his horn as he approached
National avenue.    Upon seeing the automobile she stepped
to the north and upon the south car track, whereupon he
turned his automobile to the southeast to pass behind her.
When she reached the middle of the car track she immedi-
ately made a few quick steps to the south in front of the
moving automobile and was struck by the right fender of the

car before defendant stopped it. The jury found (1) that defendant ought in the exercise of ordinary care, in taking the line he took to pass to the north of plaintiff, to have anticipated that plaintiff would become startled and probably move in front of his automobile; (2) that the plaintiff moved to the north from the place where she was waiting for the street car in consequence of becoming startled by reason of the northeasterly direction taken by defendant's automobile; (3) that defendant failed to exercise ordinary care for the purpose of stopping his car after it became apparent to him that plaintiff would move to the south and enter the path of his car; (4) that defendant failed to exercise ordinary care in the handling of his automobile when it became apparent to him that the plaintiff would move to the south; (5) that the defendant's want of ordinary care as found was a proximate cause of plaintiff's injury; (6) that plaintiff exercised ordinary care for the purpose of ascertaining if any eastbound automobile or other vehicle was dangerously near when she stepped towards and upon the car track; (7) that the plaintiff exercised ordinary care for the purpose of ascertaining if there was any east-bound automobile or other vehicle dangerously near when she moved to the south from upon the car track; (8) that a person of ordinary care would not have anticipated that as a result of moving to the south in front of the automobile, under the circumstances shown by the testimony, a collision with the automobile would probably result; (9) that no want of ordinary care on the part of the plaintiff proximately contributed to her injury; and (10) damages in the sum of $4,000. From a judgment entered upon the verdict in favor of plaintiff the defendant appealed.

For the appellant there was a brief by *Lorenz & Lorenz,* attorneys, and *James D. Shaw,* of counsel, and oral argument by *Mr. Shaw.*

For the respondent there was a brief signed by *Otjen & Otjen,* and oral argument by *H. H. Otjen.*

The following opinion was filed March 23, 1915:

VINJE, J.   The order of the trial court setting aside the
verdict as perverse and granting a new trial was upon appeal
affirmed by this court December 5, 1911, and a rehearing de-
nied January 30, 1912.   See 148 Wis. 89, 133 N. W. 580.
In due course of time the *remittitur* was filed in the circuit
court, and no claim is made that the costs were not season-
ably paid.   On December 23, 1913, the attorneys for plaint-
iff served a notice of trial upon defendant's attorney, Chris-
tian Doerfler, placing the case on the January, 1914, calen-
dar.   February 3, 1914, the case was called for trial, and
the present attorneys for defendant, who since the service of
the notice of trial were substituted for Christian Doerfler,
moved the court to dismiss the action on the ground that it
had not been brought to trial within a year as required by
sec. 3072, Stats. 1913.   That section provides:

"In every case in error or on appeal in which the supreme
court shall order a new trial or further proceedings in the
court below, the record shall be transmitted to such court and
proceeding had thereon within one year from the date of
such order in the supreme court, or in default thereof the ac-
tion shall be dismissed, unless, upon good cause shown, the
court shall otherwise order."

Upon the former appeal the mandate read "Order af-
firmed," and the trial court, then presided over by Judge
TURNER, reached the conclusion that the case did not come
within the statute because neither a new trial nor further
proceedings in the court below were ordered.   The conclu-
sion was an erroneous one, based upon a construction disre-
garding the substance as well as the evident intent of the
statute.   When a circuit court by an order grants a new trial
and such order is affirmed on appeal by this court, the right
to a new trial is established by a judgment of this court, ir-
respective of the form of the mandate.   The words "Order
affirmed," applied to the subject matter to which they related

in this case, could mean but one thing, namely, that a new trial was by the judgment of this court granted, and hence the cause, in order to comply with that requirement, must be and was remanded to the court below for further proceedings. It was not so expressly stated in the mandate, but its only rational interpretation meant that. In volume 158 Wis. there are no less than nine cases, found at pages 262, 337, 447, 475, 529, 539, 597, 619, and 626, respectively, in which the mandates have been merely the affirmance of orders, and yet each case had to be and was remitted to the lower court for further proceedings. Counsel for defendant call attention to three cases in which orders granting new trials were affirmed. In two, *Bearrs v. Sherman,* 56 Wis. 55, 13 N. W. 869, and *Smith v. Champagne,* 72 Wis. 480, 40 N. W. 398, the mandates were, "The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law," while in the third, *Allen v. Milwaukee,* 72 Wis. 182, 39 N. W. 347, the mandate was merely "Order affirmed." If the mandate, applying it to the case in which it is made, necessitates a new trial or further proceedings, then such is the judgment or order of this court irrespective of the fact that the words "and the cause is remanded for further proceedings according to law," or their equivalent, are omitted.

It could not have been the legislative intent to make the necessity for further proceedings within the year depend upon the particular form of mandate used. To infer that is to infer that the legislature left it for this court to determine whether or not further proceedings were to be taken within the year. It did not do so. It was the legislative intent to expedite all cases in which, by force of the judgment or order of this court, further proceedings are necessary.

But it does not follow that because the order of the circuit court was based upon an erroneous conclusion it must therefore be reversed. If it can be sustained upon another ground it must be affirmed.

The statute quoted is both drastic and mandatory. *Whereatt v. Ellis,* 85 Wis. 340, 55 N. W. 407; *Christianson v. Pioneer F. Co.* 101 Wis. 343, 77 N. W. 174, 917; *State ex rel. Mitchell v. Johnson,* 105 Wis. 90, 80 N. W. 1104. But it has been held that the party for whose benefit it was enacted may by his conduct waive its provisions. In *Whereatt v. Ellis,* 85 Wis. 340, 55 N. W. 407, such waiver consisted in the party invoking the aid of the statute having paid the clerk's fees, procured a return of the record, and taking proceedings inconsistent with his claim that he was entitled to a dismissal. In *Raymond v. Keseberg,* 98 Wis. 317, 73 N. W. 1010, there was held to be a waiver because defendant, who asked for a dismissal, had procured a return of the record, taken part in negotiations for a settlement lasting till too late to try the case within the year, and had accepted and retained costs before the new trial began. In the present case there had been mutual accommodations granted to or promised for the attorneys of both parties; some vague negotiations for an adjustment of the case had been considered; and it is shown by fairly persuasive proof that plaintiff's health was such, due to the accident, that it was not prudent to try the case earlier. But in addition to all this it appears that on December 23, 1913, plaintiff noticed the case for trial. True, defendant's then attorney refused to accept service for the reason that he thought defendant would insist upon a motion for dismissal on the ground that the case had not been retried within the year. But defendant made no such motion till the case was called for trial on February 3, 1914. In the meantime, by his failure to seasonably move for the dismissal of the case, he induced and compelled the plaintiff to prepare for trial and to have her witnesses there when the case was called, thus requiring her to incur labor and expense. A party desiring to take advantage of the statute must do so seasonably. If he unreasonably stands by and causes the other side to incur expense which might be saved if he acted with reasonable promptness,

he must be deemed to have waived the provisions of the statute. In the present case we affirm the order refusing to dismiss the case upon the ground of unreasonable delay in making the motion to dismiss.

The verdict in the present case had the approval of the learned trial judge. Ordinarily under such circumstances it ought not to be disturbed on appeal except in a clear case of error. *Murdock v. B., D. L. & J. R. Co.* 147 Wis. 100, 132 N. W. 979. For the purpose of determining how conscientiously a jury has sought to discharge its duty the whole verdict may be scanned, and the answers to the several questions, though none of controlling importance, may shed considerable light on the inquiry as to the presence or absence of bias on its part. In the present case the jury find, and are justified in finding, that when the automobile was about ten feet from plaintiff she first saw it and became startled and ran in front of it. It is clear that what may be termed an emergency situation existed or was thought to exist by both parties when plaintiff first moved north in front of defendant's automobile. Under such circumstances a person is not held to the strict exercise of ordinary care, for there is no time for the exercise of judgment and deliberate action upon it. The evidence showed that from the time defendant first saw plaintiff till she was struck not more than ten seconds elapsed. Less than half of this was taken up by the attempts of each to avoid the other. In such situations action is instinctive rather than deliberate, and for that reason a failure to take the best means of escape is not necessarily negligence. The jury properly applied this rule to plaintiff in answers to questions 2 and 9. Why they did not give defendant the benefit of it in answers to questions 3 and 4 is not apparent. It cannot be on the ground that defendant showed any lack of diligence to avoid the collision, for as soon as plaintiff ran north he turned southeast to go behind her, and would have done so had she not immediately run south again

right in front of his car.    When she did that he at once tried
to stop and avoid her by heading his car north.    He failed to
clear her.    The right fender of the car struck her, and the
car was stopped within two feet of where she was struck.    In
the great majority of cases of impending collisions a person
about to inflict injury is as anxious to avoid it as the person
about to be injured.    We find nothing in the evidence indi-
cating a different condition in the present case.

As evincing the length to which the jury was willing to go
in order to find favorably for plaintiff, the answer to ques-
tion 8 serves as a good example.    That question read: "Would
a person of ordinary care have anticipated that as a result of
moving to the south in front of the automobile, under the cir-
cumstances shown by the testimony, that a collision with the
automobile would probably result?"    The jury answered
"No."    The circumstances shown by the evidence are that
when plaintiff stepped south in front of the automobile it was
moving to the east or southeast, and that she was only a few
feet from it when she stepped in front of it.    One might as
well give a negative answer to the question, "May one reason-
ably anticipate a collision with a moving automobile by sud-
denly stepping immediately in front of it?"    These answers
of the jury are adverted to for the purpose of showing that
the present verdict, though approved by the trial court, has
inherent evidences of bias if not actual perverseness.    They
therefore have a bearing upon the value of the jury's answer
to question 1, where they find that the defendant, in the exer-
cise of ordinary care in taking the line he took to pass to the
north of plaintiff, ought to have anticipated that plaintiff
would become startled and probably move in front of his au-
tomobile.    While this question is not the exact equivalent of
an inquiry as to whether defendant was negligent in taking
the course he did, we shall treat it as such, or rather we shall
inquire and determine if defendant was negligent in attempt-
ing to pass in front of plaintiff.

When he first saw her he was about in the center of Sixth avenue, where the south line of National avenue, exclusive of the sidewalk space, intersects it. She was then standing two or three feet south of the south rail of the south track on National avenue in a line with the east sidewalk on Sixth avenue. She was about twenty-five feet east of him and about fifteen feet north of him, standing waiting for an east-bound car. He wanted to go east on National avenue about 100 feet to Lederer's butcher shop and so continued in a northeasterly direction at a speed not exceeding six miles an hour, taking such a course that had plaintiff stood still he would have cleared her from three to seven feet. There is that variance in the estimates of the different witnesses.

It would seem to us that if a person could ever legitimately indulge in a presumption that a woman does not intend to move forward and upon a street-car track it is when she is standing beside the track waiting for an approaching car that is within half a block of her. Defendant saw that by proceeding at the speed he did he could pass to the west and north of plaintiff and on the side towards which she was looking and get out of the way before the street car reached her. She was a mature woman and it was broad daylight. The approach of an automobile in front of her at a speed of only six miles per hour and driven by a grown man could not reasonably be anticipated to frighten her. Quite a different case would present itself were the speed of the automobile considerably greater. Six miles per hour on a smooth street is a slow speed for a car—a speed at which it is under perfect control, and but for the unexpected conduct of plaintiff defendant would have passed her unharmed. Many prudent chauffeurs deem it safer to pass in front than behind persons standing in the street. By so doing they pass in the line of vision of the persons standing and are less likely to frighten them, even though they come closer. Defendant had every reason to believe that from the time he entered National avenue he was within the line of vision of plaintiff where she

stood waiting for the approaching car.    He took a course that in all probability seemed to be outside of where she would be likely to be or go and yet where she would see him.    That the fact turned out to be otherwise does not alter the case. He cannot be charged with prescience nor with reasonable anticipation of possible, but only of probable, results.    Notwithstanding the approval of the verdict by the trial court, we have reached the conclusion that the evidence failed to establish any negligence on the part of the defendant.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint upon the merits.

The respondent moved for a rehearing.

In support of the motion there was a brief by *Otjen & Otjen,* attorneys, and *James T. Drought,* of counsel, and in opposition thereto a brief by *Lorenz & Lorenz,* attorneys, and *James D. Shaw,* of counsel.

The motion was denied, with $25 costs, on June 1, 1915.