STATE EX REL. GREENWAY, Petitioner, v. COUNTY COURT OF ST. CROIX COUNTY, Respondent.

*September 9, 1966.*

---

[5] *State v. Turpin* (1949), 255 Wis. 358, 360, 38 N. W. (2d) 495.

*Gwin & Fetzner* of Hudson for the petitioner.
*Robert R. Gavic* of Spring Valley for the respondent.

PER CURIAM. This is an application for a writ of mandamus by the defendant Greenway, whose motion for dismissal was rejected by the trial court.

On November 24, 1964, this court reversed the judgment of the county court of St. Croix county in *Peterson v. Greenway* (1964), 25 Wis. (2d) 493, 131 N. W. (2d) 343, and remanded it for further proceedings. The record was actually transmitted to the trial court on December 18, 1964, but there were no formal proceedings on record in this case until Mr. Greenway brought his motion to dismiss on March 15, 1966. The motion to dismiss was based upon the failure of Mr. Peterson to comply with sec. 274.36, Stats. A hearing was held in the county court of St. Croix county on April 6, 1966. A transcript of the proceedings has been annexed to this application for a writ of mandamus.

At the time of the remittitur (November 24, 1964) sec. 274.36, Stats., provided as follows:

"**Remittitur if new trial ordered; when trial to be had; duty of losing party.** In every case in error or on appeal in which the supreme court shall order a new trial or further proceedings in the court below, the record shall be transmitted to such court and proceedings had thereon within one year from the date of such order in the supreme court, or in default thereof the action shall be dismissed, unless, upon good cause shown, the court shall otherwise order. It shall be the duty of the losing party in any action or proceeding when a judgment or order in his favor in the court below is reversed by the supreme court on the appeal of the opposing party to pay the clerk's fees on such reversal, procure the record in said cause to be remitted to the trial court and bring the cause to trial within one year after such reversal, unless the same be continued for cause, and if he fail so to do, his action shall be dismissed."

By supreme court order dated November 10, 1964, and effective March 1, 1965, sec. 274.36, Stats., was repealed and re-created as follows:

"Section (Rule) 274.36. **Further proceedings in trial court.** When the record and remittitur are received in the trial court:

"(1) If the trial judge is ordered to take specific action, he shall do so as soon as possible.

"(2) If a new trial is ordered, the clerk of the trial court, upon receipt of the remitted record, shall place the matter on the trial calendar.

"(3) If action or proceedings other than those mentioned in subs. (1) or (2) is ordered, any party may, within one year after receipt of the remitted record by the clerk of the trial court, make appropriate motion for further proceedings. An extension of the one year period may be granted, on notice, by the trial court, if the order is entered during the one-year period. If further proceedings are not so initiated, the action may be dismissed."

The petition for mandamus, together with the transcript of proceedings at the motion for dismissal in the trial court, establishes that from December 18, 1964, until March 15, 1966, no action was taken in this case. Mr. Peterson did not pay the costs assessed upon the appeal, amounting to $396.50. The failure to pay the costs has been treated as fatal. See 1938 Wisconsin Law Review, 329, 333.

Mr. Peterson's counsel wrote a letter on January 20, 1965, addressed to the trial court, requesting that a pretrial be set after February 15, 1965, but such letter does not appear to have been made a part of the record and, in any event, it has not been incorporated in this application for a writ of mandamus. The court did not set a pretrial date or a trial date, and there was no further court action in the case until Mr. Greenway brought his motion for dismissal.

After hearing the arguments of counsel, the trial court determined that it would not be proper to foreclose the plaintiff's rights "simply because this matter was not

taken up within the one year as outlined in the statute."
The trial court believed that there was good cause shown
for the failure to proceed with the matter within the
year and based such "good cause" on two factors. First,
the trial court indicated that "there was, in effect, sub-
stitution of attorneys, since Mr. Gavic was not the attor-
ney of record on the matter." The record contradicts
this assertion, since the appeal was presented by an at-
torney associated with Mr. Gavic. Indeed, the appeal
brief was submitted by the firm of "Gavic & Jansen," and
Mr. Gavic's representation in the case is expressly re-
flected at page 495 of 25 Wis. (2d).

The second reason advanced by the trial court for its
determination of good cause relates to the illness of the
judge who tried the case. Judge O'BRIEN's statement at
the hearing on April 6, 1966, declares that he was ill
from approximately January 20, 1965, until the latter
part of March, 1965. The illness of the judge for a
period of approximately two months does not, in our opin-
ion, constitute good cause to relieve a party from a dis-
missal for failure to bring further proceedings under sec.
274.36, Stats. In *Zeidler v. Goelzer* (1926), 191 Wis. 378,
211 N. W. 140, there were *repeated* attempts to get the
case set for trial, but the judge was always unavailable.
That is not true in the case at bar where there was one
letter sent suggesting a pretrial.

There are other Wisconsin cases which demonstrate
that a plaintiff may lose his cause of action for noncom-
pliance with this section. See *State ex rel. Mitchell v.
Johnson* (1899), 105 Wis. 90, 80 N. W. 1104; *Christianson
v. Pioneer Furniture Co.* (1898), 101 Wis. 343, 77 N. W.
174, 77 N. W. 917; *Whereatt v. Ellis* (1893), 85 Wis.
340, 55 N. W. 407. In the *Mitchell Case*, at page 92, the
court said that the statute is

". . . an imperative and mandatory one, and com-
mands that if the defeated party, upon a reversal and
direction by this court of a new trial, shall fail to pay

the costs upon such reversal, to procure the record in said cause to be remitted to the trial court, or to bring the case to trial within one year after such reversal, unless the same be continued for cause, the complaint shall be dismissed. If each of these three steps are not complied with, the statute must be obeyed."

The relevant statute was repealed and re-created during the year which followed the remittitur. We do not consider it necessary to resolve the question as to which version of the statute is applicable, since under either version we are persuaded that the application for a writ of mandamus should be granted. We note that under sec. (3) of the rule which became effective on March 1, 1965, an extension of the one-year period may be granted "if the order is entered during the one-year period." The only order made by the trial court in this case occurred on April 6, 1966, which was well over a year from the remittitur of December 18, 1964.

The rules concerning proceedings after remittitur are calculated to expedite the disposition of cases after an appeal has been taken to this court. We find no valid basis in the record of this case to justify the failure of the trial court to dismiss the plaintiff's action.

It is adjudged that the writ of mandamus issue. The trial court is directed to dismiss the action of Mr. Peterson against Mr. Greenway.